ALBERTA W. LASSETER, AS SOLE EXECUTRIX OF THE LAST WILL AND TESTAMENT OF B. G. LASSETER, DECEASED, *Appellant*, v. EDGAR C. LONG, *Appellee.*

Opinion Filed December 17, 1921.

1. Books and documents necessary to the proper determination of the case, cannot be considered by this court unless copied in the transcript of record duly certified to by the clerk of the Circuit Court.

2. Physical objects incapable of being copied in the transcript of the record, introduced in evidence as exhibits, may upon proper order be sent to the appellate court for its consideration, but this does not apply to books and documents that are capable of being copied.

3. If everything contained in books, whether material or not, is admitted in evidence, it must all be brought to this court by being copied in the transcript, as this court does not know and cannot say what should be included and what omitted.

4. If only certain indicated portions of books are offered in evidence, only such portions should be incorporated in the transcript.

5. If books and papers are offered in evidence, only certain portions of which are material or relevant, counsel may under the provisions of Section 3174 Revised General Statutes of Florida, 1920, stipulate in writing what portions of such books and papers shall be included in the transcript of the record.

6. If there are marginal notations which require the scrutiny of the court to determine their genuineness, the books upon proper order may be sent with the transcript of the record, but they come to the court only for such purpose, and cannot be considered as evidence unless their contents are copied in the transcript.

Motion denied.

*H. L. Anderson*, for Appellant;

*Marks, Marks & Holt* and *E. J. L'Engle*, for Appellee.

BROWNE, C. J.—This is a motion by the appellant for this Court to order the Clerk of the Circuit Court of Duval County to omit from the transcript of the record certain books and documents that were introduced in evidence and considered by the Chancellor in the determination of the cause.

If these books and documents are necessary to the proper determination of the case, there is no way that they can

be considered by this Court unless copied in the transcript of record, duly certified to by the Clerk of the Circuit Court.

Physical objects incapable of being copied in the transcript of the record, are sometimes introduced in evidence as exhibits, which upon proper order are sent to the appellate court for its consideration, but this does not apply to books and documents that are capable of being copied.

If everything contained in the books, whether material or not, was allowed to be put in evidence, it must all be brought to this Court by being copied in the transcript, as this Court does not know and cannot say what should be included and what omitted.

If only certain indicated portions of the books were offered in evidence, only such portions should be incorporated in the transcript.

If books and papers were offered in evidence, only certain portions of which were material or relevant, counsel may under the provisions of Section 3174 Revised General Statutes of Florida, 1920, stipulate in writing what portions of such books and papers shall be included in the transcript of the record. This will not only avoid useless cumbering of the record, but will save considerable unnecessary expense.

If there are marginal notations which require the scrutiny of the courts to determine their genuineness, the books upon proper order may be sent with the transcript of the record, but they come to the Court only for such purpose, and cannot be considered as evidence unless their contents are set out in the transcripts.

The motion for the Clerk to omit from the transcript

certain testimony set out and described in the motion, and to have the original documents that were introduced in evidence sent to this Court with the transcript for consideration in connection therewith is, therefore, denied.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.