**WEAVER v WHALEN**

Ohio Appeals, 6th Dist, Lucas Co

Decided March 8, 1937

Mrs. Eva Epstein Shaw, Toledo, and Eugene Rheinfrank, Toledo, for appellant.

Smith, Baker, Effler & Eastman, Toledo, and Wayne Stitcher, Toledo, for appellee.

## OPINION

By OVERMYER, J.

This is an appeal on questions of law by Paul Weaver, a minor, from an adverse decision and judgment rendered in the Common Pleas Court in an action wherein he was the plaintiff and Lloyd Whalen the defendant. Both parties were residents of Toledo, Ohio, and on July 16, 1933, at about two A. M., while the parties were both riding in an automobile, the property of Whalen, on a highway in Union County, Indiana, on the way from Toledo, Ohio, to Chicago, Illinois, the automobile left the highway and went into a ditch, as a result of which Weaver suffered injuries.

The plaintiff alleged in his petition that Whalen was driving the automobile on the occasion in question in a wanton, reckless careless and negligent manner; that Whalen was at the time under the influence of intoxicating liquor; that he had his automobile radio tuned in, and as a result fell asleep and allowed the car to go off the road into the ditch. The plaintiff was then 17 years of age and the defendant about 25. Defendant's answer admitted the accident and alleged that defendant at the time was riding as a guest of plaintiff and pleads the Indiana guest statute, and avers that at the time of the accident the automobile was being operated by the plaintiff. The reply was a denial of the affirmative allegations of the answer.

On trial, at the conclusion of plaintiff's evidence, the court on motion of defendant directed the jury to return a verdict for defendant, which motion was allowed and judgment was later entered for the defendant on the verdict.

Appellant, seeking a reversal of the judgment, sets up ten separate specifications of error, all but one of which this court cannot consider for the reason that the bill of exceptions contains but a part of the evidence submitted in the court below, and the certificate of the trial judge so states.

"A judgment of a trial court should not be reversed for error in directing a verdict for either party unless the record presented to the reviewing court affirmatively shows that it contains all the evidence upon which the direction was given." Regan, Admx., v McHugh, 78 Oh St, 326, 85 N. E., 559.

"A bill of exceptions that does not contain all of the evidence offered upon the trial will not be considered for the purpose of reviewing the action of the trial judge in directing a verdict for the defendant at the close of plaintiff's evidence." Wolf v Cleveland City Ry. Co., 2 C. C. (N. S.) 536, 15 C. D. 360; affirmed 71 Oh St., 476, 74 N. E., 1143.

"The missing evidence may have fully sustained the trial court's ruling in directing the verdict." Cleveland Ry. Co. v Kukucz, 121 Oh St, 468, 470, 169 N. E., 564.

The reviewing court must have precisely the same evidence before it, as was before the jury. Hicks v Person, 19 Oh St 426, 446.

The certificate of the trial judge constitutes the only means of establishing that all of the evidence offered in the trial court is contained in the bill of exceptions. Tilton v Morgaridge, 12 Oh St, 98; Regan v McHugh, Supra.

It was conceded in argument that the testimony of several witnesses is entirely omitted; that only a part of the direct examination and none of the cross-examination, re-direct or re-cross examination of the only eye-witness other than the parties, is given; and that only a part of the cross-examination of the plaintiff appears.

The record shows that a number of exhibits were introduced in evidence by the plaintiff, which are not attached to the bill of exceptions, which makes the bill incomplete. See 2 Ohio Jur, 453, and cited cases.

The rule applied in the few cases above cited of the many that might be cited, has not been relaxed but strengthened in all later decisions on the subject. See 2 Ohio Jur, 433, Section 389 et seq.

We are asked to find, from a bill of exceptions which does not contain all of the evidence upon which the trial court based its judgment, that the trial court was in error in directing a verdict for the defendant. This we cannot do.

The plaintiff in his petition had pleaded two certain sections of Indiana statutes on the subject of careless driving, and they were offered in evidence, but being objected to were not admitted in evidence. Plaintiff claims the rejection of same constitutes reversible error appearing on the record before us. However, we must say again that in the absence of all the evidence submitted below we must indulge the presumption that the trial court was not in error in rejecting them. No decisions of Indiana courts construing these sections were pleaded or offered in evidence, and in the absence of all the evidence we are unable to say that there was sufficient proof of a violation of such statutes or either of them to make them competent evidence. In the case of Turner v Pope Motor Car Co., 9 C. C. (N. S.), 65, 19 C. D., 181, it was said:

"Even under the scintilla rule the reviewing court cannot determine that there was an issue of fact proper to be submitted to the jury, where such court has not before it the evidence and all of it bearing on such issue."

There is one claimed error concerning which the facts fully appear in the record. The record discloses that the motion of defendant for a directed verdict in the court below was made, argued and submitted before a noon recess of the trial, and that during the noon recess counsel for plaintiff went to the trial judge in chambers and inquired "If he intended to grant the motion of defendant to direct a verdict for defendant, would he please inform the plaintiff's counsel of that fact so that she might dismiss her case without prejudice." The court then stated to plaintiff's counsel that in his judgment the plaintiff under the guest act of the state of Ohio, as well as the guest act of the state of Indiana, was not entitled to recover, and counsel for defendant having appeared in the judge's chambers, he was informed of what had taken place. Whereupon, counsel for defendant objected to permitting a dismissal of the case without

504

prejudice, for the reason that it was too late to submit such motion.

It is quite apparent from the inquiry made that counsel for plaintiff considered the motion finally submitted, and the record shows that when the court resumed its session no request was made for further argument on the motion by either side. However. on the opening of the afternoon session, counsel for plaintiff moved the court for permission to dismiss the case without prejudice which was overruled, and this is assigned as error.

In finding that the court was not in error in this respect, we cite only two cases of many that might be cited, viz: **Turner v Pope Motor Car Co., 79 Oh St, 153, 86 N. E., 651; Jacob Laub Baking Co. v Middleton, 118 Oh St, 106, 160 N. E., 629.**

The following language of the Supreme Court on page 173 in the **Pope Motor Car Company, supra,** is particularly pertinent here:

"To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the Circuit Court."

On the state of the record, we are required to affirm the judgment of the lower court.

Judgment affirmed.

LLOYD and CARPENTER, JJ., concur.