## McREYNOLDS v WASHINGTON NATIONAL INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2772. Decided Oct 15, 1937

Charles W. Spicer, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendants-appellees.

### OPINION

By HORNBECK, J

This case has been presented as an appeal on questions of law.

An examination of the transcript of docket and journal entries discloses that when the cause came on for trial the jury was waived and it was submitted to the trial judge. The entry showing that the jury was waived and cause submitted bears the date of March 12, 1936. On the same day there is an entry wherein it appears that the cause coming on for hearing and jury being waived, was submitted on the pleadings and the evidence and on consideration "the court finds on issues joined for the defendant and it is ordered, adjudged and decreed that plaintiff's petition be dismissed at his costs."

On the same day, but thereafter, in sequence, and in the last entry, it appears that the motion of the plaintiff to set aside the judgment and for a new trial was overruled. In the situation thus presented we have no judgment from which an appeal can be prosecuted.

A similar situation arose and was considered and determined in the case of Boedker v W. E. Richards Co., 124 Oh St 12. The question there raised was somewhat different in that there had been a judgment entered at the time that the court, acting as a jury, made its finding and a second judgment entered after the overruling of the motion for new trial. Chief Justice Marshall, at page 19 of the opinion, said:

"We have therefore reached the conclusion that the first judgment, entered within the three-day period, when a judgment could not have been entered upon the verdict of a jury, was ineffective to start the running of the limitation."

The cited case holds that when in a jury case the jury is waived the determination of the trial court is in all particulars considered as would be the verdict of the jury. No judgment can properly be entered on a verdict of a jury or a finding of a judge

acting as a jury until the three days have elapsed within which the unsuccessful party has the right to file a motion for new trial. §11599, GC. See also Cultice v De-Maro Realty Co et, 16 Abs 396.

There is, then, no final judgment in this case and anything that we may say will be no adjudication because we are without jurisdiction to pass upon the error assigned. The proper procedure, if appellant desires to secure the judgment of this court on tne question presented, will be to have the judgment entry entered of record in the Common Pleas Court. The appeal here must be dismissed.

For benefit of counsel and with the thought that perhaps appellant would not be disposed to carry this case to the Supreme Court in the event of a judgment eventually against him here, we briefly express an opinion on the questions presented upon the record before us.

The appellant in his assignment of error asserts that the court erred:

"In admitting evidence offered by appellee over the objection of the appellant that the insured was in unsound health and had tuberculosis previous to the date of the application for insurance.

"* * * that appellee was estopped in law to show unsound health of insured prior to the date of the application for insurance as a defense, and is limited in its defense to the period intervening between the date of the application and the date of the policy, and must show that the unsound health or disease arose during said period."

The action was by a beneficiary to recover under a policy of insurance on the life of Anna Jackson, who died February 3, 1935. The answer consists of four defenses, the first of which, after admission of the issuance of the policy, the payment of premiums, the death of the insured and the demand for payment, is a general denial. The second defense is that the plaintiff was not the executor or administrator of insured and has no cause of action against the defendant on the policy of insurance. The third defense avers that the policy of insurance provided:

"That if the insured is not in sound health on the date of said policy, or has within two years before said date been attended by a physician for any serious disease or complaint or before said date has had any pulmonary disease or chronic bron-

chitis. then the defendant may declare said policy void and that the liability of said defendant in the case of any such declaration or in the case of any claim under said policy shall be limited to the return of premiums paid on said policy * * *."

It is further averred that on the date of said policy the insured was not in sound health; that within two years before said date she had been attended by a physician for a serious disease or complaint and before said date had a pulmonary disease, to-wit, pulmonary tuberculosis, which condition was known to the insured but wholly unknown to the defendant.

Offer to tender premiums paid and tender thereof is plead.

In the fourth defense it is averred that plaintiff procured the policy of insurance on the life of Anna Jackson and paid the premiums thereon; that he was the uncle of Anna Jackson and had no insurance interest in the life of said Anna Jackson.

By the answer and the reply of the plaintiff issue is joined on all of the defenses of the answer and in the reply it is particularly averred that:

"If it should appear upon the trial of this case that the insured had been attended by a physician for any serious disease within two years before the date of the policy, or on or before said date had any pulmonary disease, then, in that event, defendant's agent who solicited and received the application for insurance and delivered the policy herein to the insured had full knowledge thereof at the time he took the application of the insured and at the time he delivered the policy to her. and that said agent was authorized by the defendant herein to solicit and receive applications of insurance and to deliver policies of insurance to applicants."

And further:

"That at the time said application of the insured was taken a medical examination was made of the insured under the authority and direction of defendant by defendant's medical examiner and thereafter said policy was issued upon said application with medical examination and delivered to the insured by said defendant through its said agent, and the premiums were paid by the insured and received and accepted by the defendant. That said application was not attached to the policy as part thereof as required by the laws of Ohio.

"By reason of which * * * defendant has waived its right and is estopped to defend on the ground of any disease, serious or otherwise, existing or occurring prior to the date of said application and medical examination, or fraud or misrepresentation of the applicant herein in procuring said policy."

The bill of exceptions, in narrative form, intended to exemplify the error asserted in the brief of appellant, consists of but two pages. By the bill it appears that on the trial of the cause plaintiff introduced the policy of insurance, the application for insurance with the report of the medical examiner; the defendant offered over the objection of plaintiff hospital records showing that the insured had tuberculosis and had been in a tuberculosis hospital prior to the date of application for insurance, during the period from April 24, 1931, to July 27, 1931 and from June 28, 1932 to July 20, 1933; and further, that the defendant was admitted to a tuberculosis sanitorium on April 7, 1934, which was subsequent to the date of the policy and remained there until she died of tuberculosis on February 3, 1935.

It is the theory of the plaintiff that all testimony set forth in the bill of exceptions was incompetent, irrelevant and inadmissible because of the issuance of the policy after examination and favorable report of the medical examiner of defendant and the failure of the defendant to attach to the policy a copy of the application of the insured for the insurance, together with the medical report and to return it with the policy to the insured.

We can not reach the question desired to be made by counsel for the appellant for the reason that the record does not disclose either that the copy of the application and medical examination was not returned with the policy or that defendant was in default for such copy, in that it had failed for thirty days to furnish such copy after demand made upon it therefor. Whether or not the record from the trial court can be made to exemplify the error alleged we can not say.

There are other reasons which would preclude this court from determining the narrow question sought to be raised. Issue was drawn upon four defenses, one only of which is set forth in the assignment of error and in the brief of plaintiff. No separate findings of law and fact were requested or made.

The decision of the court was tanta-mount to a general verdict and may, under a full transcript of the evidence, support a finding for the defendant upon one or more of the other three defenses asserted.

It is true that the opinion of the trial court which we have before us is grounded upon a finding against the plaintiff upon the issue made on the third defense and reply thereto, namely, the sound health provision of the policy, but this in no wise is controlling because the action of the court is carried into the entry which was intended to be final and is general in its terms.

Finally, the error complained of is directed only to the admissibility of the evidence set forth in the bill of exceptions. The bill carries no certificate of the trial judge that the evidence therein appearing was all the evidence on the immediate question to which it was germane. We could not say, in the absence of all the circumstances incident to the illness of the insured, that all or any part of the evidence before us was not admissible on the question whether or not the insured was suffering from tuberculosis at the time the policy was delivered.

As to the necessity of a bill of exceptions which will fully exemplify the error assigned when a verdict has been directed, see **Weaver v Whalen, 24 Abs 502.**

We have not undertaken to cite extended authority supporting the propositions herein advanced, because they are proffered gratuitously, not as an adjudication but for the purpose of giving counsel for plaintiff the benefit of them as it may affect further procedural action in the cause.

The appeal will be dismissed.

BARNES, PJ, and GEIGER, J, concur.