MELROSE MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. E. A. KENNEDY, *Defendant in Error*.

1. Crude turpentine that is collected in boxes cut in pine trees in a condition to be dipped up and used in the manufacture of spirits of turpentine and kindred products, is personal property.

2. Where crude turpentine collected in boxes cut in pine trees is the subject of conversion and its ownership is sufficiently alleged, the ownership of the trees or of the land is immaterial.

3. Where the refusals to give several requested instructions that contain distinct propositions are excepted to as an entirety, and one of the requested instructions was properly refused, the court will not consider the other requested instructions.

4.  The statute authorizes charges given to be excepted to in a motion for a new trial, but the refusal to give requested instructions must be excepted to at the time.

5.  Where the authority under which a defendant claims his rights gives turpentine privileges on lands to January 1, 1908, and timber or saw mill privileges thereon to January 1, 1910, it is not error for the court to charge that the defendant had the timber rights "from January 1, 1910, subject to the plaintiff's right to turpentine therein from the first day of January, 1908, until such time as timber shall be cut by" the defendant.

6.  Papers not appearing to refer to the subject of litigation are properly excluded, but documents under which rights in litigation are claimed are properly admitted in evidence.

7.  Where the trial judge does not certify that the bill of exceptions contains all the evidence adduced at the trial as provided by the rules, the sufficiency of the evidence to sustain the verdict cannot be considered by the Supreme Court.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Bradford County.

The facts in the case are stated in the opinion of the court.

*J. M. Rivers* and *D. M. Gornton,* for Plaintiff in Error;

*J. E. Futch* and *A. V. Long,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error brought an action in the Circuit Court for Bradford County, the declaration in one count alleging that the Melrose Manufacturing Company "converted ·to its own use and wrongfully deprived the plaintiff of the use and possession of

the plaintiff's goods, that is to say, 100 barrels of scrape and 150 barrels of resin or crude turpentine of the value of three hundred dollars, which said scrape and resin or crude turpentine was wrongfully taken by the said defendant from the pine trees upon" described land. In the second count it is alleged that "the defendant without any right or authority wilfully with force and arms went upon" the described lands "and hacked, cut and scraped the pine trees thereon, and dipped, scraped and removed from the said pine trees gum, resin and scrape, the property of the plaintiff, to-wit: 100 barrels of scrape and 150 barrels of resin or crude turpentine of the value, to-wit: of $600.00, and converted the same to its own use and wrongfully deprived the plaintiff of the use and possession of the said goods, the property of the plaintiff, to the plaintiff's damage $600.00." The third count need not be stated. A demurrer to the declaration was overruled, the defendant filed pleas upon which issue was joined, and on the trial $200.00 damages were awarded. The plaintiff remitted $75.00, and a motion for new trial was denied, to which an exception was taken.

On the demurrer it is contended that the declaration "does not sufficiently show or allege the ownership or interest of plaintiff in and to the said property, or the land from which it is alleged said property was derived."

Crude turpentine that is collected in boxes cut in pine trees in a condition to be dipped up and used in the manufacture of spirits of turpentine and kindred products, is personal property. See Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69, 12 Am. & Eng. Anno. Cas. 274, 125 Am. St. Rep. 1061. Crude turpentine in boxes includes "scrape," resin and gum. Being personal property the ownership of the crude turpentine charged to have been converted is sufficiently alleged under the form prescribed in section 1450 General Statutes of 1906. Where the

crude turpentine in boxes is the subject of conversion and its ownership is sufficiently alleged, the ownership of the trees or the land is immaterial.

Three requested instructions refused by the court contain distinct propositions and the refusal to give them appear to have been excepted to as an entirety. One of these requested instructions was properly refused because it required "the plaintiff to show by a preponderance of the evidence that he was the owner of the timber." As one of the three requested instructions was rightly refused, · the court will not consider the other instructions the refusals to give which were excepted to as a whole. See Gass v. State, 44 Fla. 70, 32 South. Rep. 109; Telfair v. State, 58 Fla. 110, 50 South. Rep. 573.

The statute authorizes charges given to be excepted to in a motion for a new trial, but the refusal to give requested instructions must be excepted to at the time. Milton v. State, 40 Fla. 251, 24 South. Rep. 60; Thomas v. State, 49 Fla. 123, 38 South. Rep. 516.

As the authority under which the defendant claimed gave turpentine privileges to January 1, 1908, and saw-mill privileges to January 1, 1910, it was not reversible error for the court to charge that the defendants had the timber rights "from January 1, 1910, subject to the plaintiff's right to turpentine therein from the first day of January, 1908, until such time as timber shall be cut by" the defendant.

A letter from the plaintiff to a representative of the defendant was excluded. It does not appear that the letter referred to the subject of litigation, and its exclusion is not shown to be error.

The lease under which the defendant claimed rights was· properly admitted in evidence as it tended to show the property rights of the parties in the subject-matter of litigation.

As the judge does not certify that the bill of exceptions contains all the evidence adduced at the trial, the sufficiency of the evidence to sustain the verdict cannot be considered here. See special rules 1 and 3 of Supreme Court Rules; Albritton v. State, 54 Fla. 6, 44 South. Rep. 745; Pope v. State, 56 Fla. 81, 47 South. Rep. 487.

Other matters argued are either not properly presented or are in effect covered by the above discussion.

The judgment is affirmed.

All concur, except Taylor, J., absent on account of illness.