FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. R. C. BUCKLES, *Defendant in Error*.

## Opinion Filed April 17, 1923.

1. Where it is sought to review in an appellate court an order denying a motion for a directed verdict, all the evidence that had been adduced in the cause at the time the motion was made should be duly presented to the appellate court.

2. Where the trial judge does not certify that the bill of exceptions contains all the evidence adduced at the trial as provided by the rules, the sufficiency of the evidence to sustain the verdict cannot be considered by the Supreme Court.

3. Where the trial judge certifies that the bill of exception contains all the evidence introduced at the trial "with the exception of the exhibits" the sufficiency of the evidence to sustain the verdict cannot be considered by the appellate court where such exhibits are not by apt language in the bill of exceptions made a part of it and so identified and authenticated as that there can be no doubt of their identity, although certain documents purporting to have been offered in evidence in the trial court are exhibited to the appellate court pursuant to an order of the trial court "to send up to the Supreme Court all the original exhibits introduced at the trial."

4. Books and documents necessary to the proper determination of the case, cannot be considered by this court unless copied in the transcript of record duly certified to by the clerk of the Circuit Court.

5. Physical objects incapable of being copied in the transcript of the record, introduced in evidence as exhibits, may upon proper order be sent to the appellate court for its consideration, but this does not apply to books and documents that are capable of being copied.

6. Where liability of a defendant railroad company for compensatory damages for personal injuries appears, and contributory negligence of the plaintiff also appears, the damages should under the statute be reduced in proportion to the plaintiff's fault; and where this was not done at the trial, the appellate court may permit a remittitur to a proper amount even though the trial court had rendered judgment on a remittitur entered by the plaintiff, where the judgment notwithstanding the first remittitur is manifestly excessive.

A Writ of Error to the Circuit Court for Flagler County; A. V. Long, Judge.

Judgment affirmed if remittitur is entered; otherwise reversed.

*Robert H. Anderson* and *Harrison E. Barringer,* for Plaintiff in Error;

*Hilburn & Merriday,* for Defendant in Error.

WHITFIELD, J.—The declaration herein alleges in substance that the defendant railroad company so carelessly and negligently ran and operated its train that the said train struck a motor driven vehicle in which plaintiff was riding over a crossing and injured plaintiff as stated. There was a verdict for $10,000.00 damages. The trial court permitted a remittitur of $6,500.00, and rendered judgment for $3,500.00. Defendant took writ of error.

The judge certified in the bill of exceptions that it "contains all the evidence introduced at the trial. * except exhibits filed by the respective parties." The trial court made an order under Rule 15 of the Supreme Court Rules directing the Clerk of the Circuit Court to "transmit with the record in this case to the Supreme Court of Florida the

original exhibits filed in evidence in the above entitled cause by both plaintiff and defendant." A blue print map and a number of photographs have been sent here by the Clerk of the Circuit Court under the order referred to. These exhibits are marked "Filed in evidence," and signed by the Clerk of the Circuit Court.

Among other matters presented the plaintiff in error contends that the court erred in not directing a verdict in its favor upon motions made at the close of the plaintiff's testimony and also when all the testimony was in, and that the court also erred in numerous rulings as to evidence and charges, in denying a new trial made on grounds, among others, that the verdict is contrary to the evidence, and in rendering the judgment on a remittitur.

The main insistence is that the evidence shows that the injury complained of by the plaintiff was "caused by his own negligence," within the meaning of Section 4965 Revised General Statutes, 1920, which forbids recovery in such cases.

Where it is sought to review in an appellate court an order denying a motion for a directed verdict, all the evidence that had been adduced in the cause at the time the motion was made should be duly presented to the appellate court.

Where the trial judge does not certify that the bill of exceptions containns all the evidence adduced at the trial as provided by the rules, the sufficiency of the evidence to sustain the verdict cannot be considered by the Supreme Court. Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 South. Rep. 595.

Where the trial judge certifies that the bill of exceptions contains all the evidence introduced at the trial "with the exceptions of the exhibits," the sufficiency of the evi-

dence to sustain the verdict cannot be considered by the appellate court where such exhibits are not by apt language in the bill of exceptions made a part of it and so identified and authenticated as that there can be no doubt of their identity, although certain documents purporting to have been offered in evidence in the trial court are exhibited to the appellate court pursuant to an order of the trial court "to send up to the supreme court all the original exhibits introduced at the trial." Steele v. State, filed January 19, 1923.

Books and documents necessary to the proper determination of the case, cannot be considered by this court unless copied in the transcript of record duly certified to by the clerk of the Circuit Court.

Physical objects incapable of being copied in the transcript of the record, introduced in evidence as exhibits, may upon proper order be sent to the appellate court for its consideration, but this does not apply to books and document that are capable of being copied. Lasseter v. Long, 82 Fla. 460, 90 South. Rep. 621.

Even if the exhibits may be regarded as properly brought before this court, so the sufficiency of the evidence to sustain the verdict of liability can be considered, the facts and circumstances of this case differ in some material respects from those in Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437, relied on by plaintiff in error. While it is clear that negligence by the plaintiff below in not taking proper care at the crossing, contributed proximately to the injury sustained by him, yet it cannot be said that the defendant company "made it appear" as required by the statute, that its employees "exercised all ordinary and reasonable care and diligence" demanded by the circumstances.

The train was late and there is testimony that the plaintiff knowing of the schedule supposed the train had passed, therefore more care in crossing the track was attempted to be excused. There was some obstruction of the view of the approaching train, and there is evidence that the speed was great, that warning was not given of the approach at the crossing and that the train was not fully controlled by use of its brakes. There are other circumstances in evidence that tend to show "all ordinary and reasonable care and diligence" required by the occasion, were not exercised by the defendant's employees, though there is also evidence clearly showing contributory negligence which under the statute reduced the amount of damages that may be lawfully recovered.

The bill of exceptions discloses that the exhibits above referred to, have no reference to the extent of the plaintiff's injuries, and it clearly appears from the evidence that the injuries were not very great, and that an apportionment of the damages in proportion to the plaintiff's fault, as required by the statute, will necessitate a further remittitur or a reversal of the judgment because the amount of the judgment is manifestly excessive in view of the evidence. Lunham v. DeMerritt, 83 Fla. 708, 93 South. Rep. 148; Tampa Electric Co. v. Gaffga, 81 Fla. 268, 87 South. Rep. 922.

A detailed discussion of all the matters presented would not be useful and would not affect the conclusion reached.

As under the statute there is a ground of liability even though the plaintiff was greatly at fault in the circumstances that caused the injury, and as the injury was not very great, a proper apportionment of the damages actually sustained by the plaintiff with reference to the "amount of default attributable to him," as provided by

the statute, impels an order here that if the plaintiff below remits $2,000.00, the judgment will stand affirmed for $1,500.00; otherwise the judgment will stand reversed for a new trial.

It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.