HENRY H. STRATTON, *Appellant,* v. LENA ANDREWS, *Appellee.*

Division A.

Opinion Filed October 20, 1925.

1. When the finding of a chancellor is based partially or wholly on the testimony, and that testimony is not brought up for review, this Court will indulge the presumption that the finding of the chancellor was correct.

2. Objections to the form of a pleading are not raised by general demurrer.

3. This Court does not approve the practice of omitting to properly address a bill in chancery, but when it is correctly entitled and carries all other legal requirements, and has been heard and disposed of on the merits, it will not be held bad for the lack of proper address.

An Appeal from the Circuit Court for Brevard County; C. E. Chillingworth, Judge.

Affirmed.

*C. L. Chancey* and *Maxwell Baxter*, for Appellant;

*McCune, Weidling* and *Hiaasen*, for Appellee.

TERRELL, J.—This is a suit for specific performance of a contract to purchase land. The contract was made by the appellee with the appellant through his agent, W. L. Greer. There was an answer to the bill in which the agency of Greer was denied and in which it was alleged that prior to the signing of the said contract appellant had decided to make certain changes in the subdivision in which the lands involved form a part. There was a demurrer incorporated in the answer which on final hearing was overruled and decree entered in favor of the appellee Lena Andrews. Appeal is taken from such decree.

The final decree is based largely on the testimony submitted to the chancellor, none of which is brought to this court. The two questions relied on for reversal are raised by the demurres and are as follows: (1) That the Court did not acquire jurisdiction of the subject matter or the parties for the reason that the bill of complaint was not addressed to it or to any court of equity; (2) that it is shown by the contract attached to the bill of complaint as

exhibit "A" and made a part thereof, that it is not a valid and enforceable contract against the defendant, either at law or in equity.

Inspection of the contract complained of discloses that it is well within the statute of frauds, the court below having pronounced it good and enforceable after hearing the testiin support of it and not having access to that testimony, this court must indulge the presumption that his finding was correct.

As to the objection that the bill was not addressed to the judge of the court or to any court of chancery, we do not think this constitutes reversible error. It is true that such practice is not approved but this is an objection to form which should have been raised by special demurrer. The demurrer was general, the bill was properly entitled and carried all other legal requirements, it was heard and disposed of on its merits and to hold it bad merely for the lack of proper address would give undue emphasis to a technical objection that in no wise goes to the merits of the case.

The decree of the chancellor is therefore affirmed.

WEST, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.