W. H. Troutman, *Appellant*, v. Frank Couture, H. A. Cates, Wm. R. Plummer, Walter Von Halleroff, R. R. Golemboske and C. L. Boyson, *Appellees.*

En Banc.

Opinion filed November 13, 1929.

*Cobb & Davis,* for Appellant;

No appearance for Appellees.

Andrews, Commissioner:

This case is here on appeal from the Circuit Court of Dade County from a final decree based upon the foreclosure of a chattel mortgage upon an airplane. The

appellant here was complainant below and appellees here were defendants below.

There are four assignments of error based upon the entry of the final decree. The transcript of the record contains no testimony and the legal assumption is that the evidence supports the findings and decree of the court. A rather unusual departure evidenced in the transcript before us is that included in it is found the four briefs presented to the lower court at the final hearing, all of which discuss the evidence.

There is no statute, rule of court or custom authorizing us to consider statements in any brief as part of the record, for reasons which are obvious; and more particularly statements in a brief as to what the evidence was when the evidence is not presented to this court in a transcript or otherwise according to established rules.

There are parts of the record which may under the rules be treated as a hearing on bill and answer, without reference to the statements in briefs undertaken to be included as part of the record; and when thus considered, the decree of the lower court appears sustained by the sworn allegations of the bill and the answers which are exhibited to us in the transcript.

"When the findings of a chancellor is based partially or wholly on the testimony is not brought up for review, this court will indulge the presumption that the findings of the chancellor was correct." Stratton v. Andrews, 90 Fla. 375, 105 So. R. 842.

The fourth assignment of error raises a point which will require a reversal of this case but only for the purpose of correcting an error apparent on the face of the record of the final decree.

The decree provides "that said property be sold sub-

ject to the lien or liens of the defendant Frank Couture's mortgage and bill of sale securing an indebtedness of $450.00," while in a former part of the judgment it is decreed that the first lien of Couture is for "the amount of $500.00."

The case is therefore, reversed and remanded for the purpose of directing the lower court to enter a final decree correcting the error in the decree above pointed out.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby, reversed and the cause remanded for appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.