Jones, J.
 

 This court is of opinion that the Court of Appeals, in view of the failure to incorporate the defendant’s testimony in the bill of exceptions, erred in reversing the judgment of the trial court. The record discloses that both parties offered evidence, but that the evidence offered by the defendant was not incorporated in the bill. The motion of the defendant for a directed verdict was made and sustained at the close of the evidence. What the proof offered by the defendant was, whether it countervailed the proof of plaintiff on the issue of negligence, or sustained its issue of contributory negligence, neither the Court of Appeals nor this court has the means of knowing. The missing evidence may have fully sustained the trial court’s ruling in directing the verdict. In their brief in this court
 
 *471
 
 counsel for the railway company assert that the motorman and conductor of the interurban car and four other witnesses took the stand upon call of the defendant, and that one of them, a Dr. Borland, testified that the plaintiff had the odor of alcohol on his breath when taken to the hospital. Certainly this testimony cannot be considered here; and I allude to it only by way of an appreciation of what might occur if a reviewing court attempted to ascertain the controlling facts from a partial record of the evidence. This is not a new rule of procedure, but one that has often been sanctioned by former decisions of this court. We allude to but one of them, viz.,
 
 Regan, Admx.,
 
 v.
 
 McHugh,
 
 78 Ohio St., 326, 85 N. E., 559.
 

 The judgment of the Court of Appeals should be reversed, and that of the common pleas court affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Matthias and Day, JJ., concur.
 

 Robinson, J., not participating.