STATE v. ATLANTIC TITLE CO.

158 So. 888.

Division A.

Opinion Filed January 7, 1935.

Rehearing Denied February 11, 1935.

*Cary D. Landis,* Attorney General, *Robert J. Pleus,* Assistant, and *J. W. Salisbury,* State Attorney, for Appellant; *Horner C. Fisher,* for Appellee.

TERRELL, J.—The bill of complaint herein sought to enjoin the appellee from dealing in securities as contemplated by Chapter 14899, Acts of 1931, Laws of Florida, because of its failure or refusal to register with the Florida Securities Commission and pay the license fee as required by said Act. Answer and motion to dismiss the bill were duly entered and on final hearing the motion to dismiss was granted. This appeal is from the final decree.

The record discloses that the appellee surrendered to the City of West Palm Beach certain bonds of the said city and one bond of the Lake Worth Inlet District and in return for said bonds and coupons of the City of West Palm Beach received credits on the books of the municipality. The said bonds and coupons were immediately cancelled and portions of the credits received therefor were sold to taxpayers for the payment of their taxes.

The sole question we are called on to solve is whether or not such a transaction constitutes a sale of securities as contemplated by Chapter 14899, Acts of 1931, better known as the Florida Uniform Securities Act.

In the amended answer to the bill of complaint it is contended that the provision in Chapter 14899, Acts of 1931, requiring dealers in securities thereunder to post a bond before registration is unconstitutional but this contention was settled adversely to appellee in State, *ex rel.* Municipal Bond and Investment Company, Inc., v. Knott, *et al.,* 114 Fla. 120, 154 So. 143.

It is further contended that the judgment below should be

affirmed because the final decree shows on its face that it was based on evidence which was not brought up for the consideration of this Court.

The rule is well settled that when a final decree of the Chancellor is based on evidence not brought up for review this Court will indulge the presumption that the decree below was correct and affirm the judgment. Stratton v. Andrews, 90 Fla. 376, 105 So. 842; Trotman v. Couture, 98 Fla. 889, 124 So. 443. In the case at bar there is no dispute about the essential facts and there is ample in the record to warrant an adjudication of the main question presented which we think must result in an affirmance.

We do not think that the transaction involved here is covered by Chapter 14899, Acts of 1931. This Act was designed to regulate the sale of securities or stocks in speculative enterprises such as imaginary gold mine, silver mines, and other fake mines, oil wells that have no existence in fact, and other visionary concerns, the most of which never exist beyond the blue print stage and are usually conceived as Fly-by-night ruses to "chisel" Barnum's one-a-minute flock out of its potential cash. Aside from the zeal of a benevolent state to play the roll of guardian to this class there is no basis for the Act.

Chapter 14899 specifically excepts from its provisions any securities guaranteed by the United States or any territory or insular possession thereof, the District of Columbia, or any state of the United States political division or agency thereof. If the securities brought in question are not comprehended within this exemption, they are clearly not embraced within the terms or spirit of the Act.

Affirmed.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., concur.