GULF COAST TITLE COMPANY v. W. B. WALTERS.

171 So. 763.

Opinion Filed January 4, 1937.

*Alderman & Alderman, Sheppard & Clements* and *Waller & Pepper,* for Plaintiff in Error;

*Charles Wilson Ward* and *David Elmer Ward,* for Defendant in Error.

WHITFIELD, C. J.—In statutory proceedings at law instituted by petition under Section 5382 (3519), *et seq.*, C. G. L., to enforce a laborer's lien upon personal property, a summons was served on the defendant and a statutory traverse by affidavit was filed. By stipulation the cause was set down for trial by the court, a trial by jury being waived. No issue was made as to the legal sufficiency of the pleadings to sustain a judgment for the plaintiff upon the production of legally sufficient evidence.

Plaintiff submitted and concluded his evidence and announced that he rested his case and thereupon defendant moved the court to direct a verdict against the plaintiff and in favor of the defendant, and the court after hearing the arguments of counsel for the respective parties and after due consideration granted said motion and directed defendant's counsel to prepare final judgment herein.

"Thereupon the following colloquy was had:

"PLAINTIFF'S COUNSEL: We ask for a non-suit.

"COURT: I am perfectly willing to allow a non-suit if it is within the province of the court to allow it.

"Thereupon the proceedings terminated and the court signed the final judgment, * * * which judgment had been prepared by defendant's counsel pursuant to said previous direction of the court."

"The * * * final judgment" is as follows, "to-wit:

" 'This cause coming on for trial by the court, a jury having been waived by the parties hereto, and the Petitioner having presented his testimony and evidence and announced that he rested his case; whereupon the defendant moved the court to direct a verdict in behalf of the defendant and against the plaintiff, and the court having heard the argument of the counsel for the parties, and having duly considered said motion, and is of the opinion that said motion be granted,

" 'It is therefore ordered and adjudged that said motion be granted and that this cause be dismissed and that the Petitioner, W. B. Walters, take nothing by his writ or suit.' "

"Plaintiff * * * submitted to the court his motion for new trial * * * to-wit:

" 'Now comes the Petitioner, W. B. Walters, by his undersigned attorneys, during the same term and within two days after verdict, the time allowed in which to file his mo-

tion for a new trial, and moved the court for a new trial herein, and for grounds says:

" '1. Judgment is contrary to law.

" '2. Judgment is contrary to the evidence.

" '3. Judgment is contrary to the law and evidence, and for other good and sufficient reasons.' "

"And upon consideration of Plaintiff's said motion for new trial, the court, on the 5th day of July, 1935, granted the same in the following words and figures, to-wit:

" 'After argument of counsel for respective parties, the motion is granted on the first ground of the motion in that petitioner's motion for non-suit should have been granted. Defendant by counsel excepts.' "

A writ of error was taken to the order granting the motion for new trial under Section 4615 (2905) C. G. L.

"At common law, before the Statute of 2 Henry IV, Chapter 7, a plaintiff had a right to be non-suited at any stage of the proceedings he might prefer, and this right continued to the last moment of the trial, even till after verdict rendered, or, where the case was tried before the court without the intervention of a jury, until the judge had pronounced his decision. Outhwaite v. Hudson, 7 Exch. (Welsby, H. & G.), 380; Robinson v. Lawrence, *Ibid.* 123; Keat v. Batker, 5 Modern 208; 7 Bac. Bar., D., page 219. By the Statute of 2 Henry, *supra,* the right of the plaintiff to a non-suit was taken away after verdict, but under this statute this right existed at any time before verdict rendered, and it seems in some cases even after verdict rendered. Bac. Abro., *supra.* * * *

"The common law is in force in this State, unless changed by legislative enactment. We have a statute passed in 1828 (Sec. 103, McClellan's Digest, page 835) which provides that:

" 'Every person desirous of suffering a non-suit on trial shall be barred therefrom, unless he do so before the jury retire from the bar.' "

Nat'l Broadway Bank v. Lesley, 31 Fla. 56, Text 57-8 59, 12 So. 525.

"The right to take a non-suit is only abridged by the statute which limits the taking of a non-suit to any time before the jury retires from the bar. Sec. 2690 R. G. S., 4357 C. G. L.

"The directing of a verdict by the trial court is not equivalent to a retirement of the jury from the bar, and, therefore, the right to take a non-suit is not barred by the trial court directing the jury to return a verdict for the defendant."

Pitt v. Abrams, 103 Fla. 1022, 139 So. 152, H. N. 2 & 3. See also Haile v. Mason Hotel and Inv. Co., 71 Fla. 469, 71 So. 540; West Coast Fruit Co. v. Hackney, 98 Fla. 382, 123 So. 758.

In this case, after the plaintiff had presented his evidence the court announced that the motion for a directed verdict for the defendant was granted, and directed counsel for the defendant "to prepare final judgment herein." Then counsel for plaintiff asked "for a non-suit."

In view of the proceedings as shown by the record, if the court had entered a judgment of non-suit instead of a judgment for the defendant, the judgment of non-suit would not have been reversed on writ of error; since, after stating he would grant the motion for the directed verdict for the defendant and after the plaintiff asked for a non-suit and *before the court entered his findings* and judgment if any findings were entered, the court stated he would allow a non-suit if it were within his province to do so. Afterwards the court decided he did have authority to enter a

non-suit where he was requested to do so and corrected his error in failing to enter a judgment of non-suit by granting the motion for new trial on the ground that the "judgment is contrary to law," "in that petitioner's motion for non-suit should have been granted."

In the absence of a transcript of the evidence in the bill of exceptions, it must be assumed from the opinion of the trial court and the order granting the motion for a directed verdict, that there was not sufficient evidence to take the case to the jury, therefore a non-suit should have been allowed when asked for *before the findings*, if any were made, and before the judgment of the court on the evidence was rendered and entered, a jury being waived. In Schnarr v. Virginia-Carolina Chem. Corp., 118 Fla. 258, 159 So. 39, the court announced its decision for a judgment for defendant *on the pleadings* before the request for non-suit was made.

Order granting new trial was proper upon the grounds stated herein and a rehearing is denied.

ELLIS, P. J.; and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.