**STATE OF FLORIDA ex rel. J. TOM WATSON, Attorney General of Florida, v. THE CRUMMER COMPANY, a foreign corporation.**

15 So. (2nd) 441.

June Term, 1943

October 29, 1943

En Banc

Rehearing Denied November 24, 1943

*J. Tom Watson*, Attorney General, and *Lewis W. Pette-way*, Assistant Attorney General, for relator.

*Hull, Landis, Graham & French*, for respondent.

TERRELL, J.

This is a quo warranto proceeding to determine vel non the right of the Crummer Company to do business in the State of Florida. The gravamen of the charge laid in the information is that The Crummer Company is a dealer in municipal bonds and securities, that as such the law requires it to register with the Florida Securities Commission, that it has not only failed to so register but has in violation of the law engaged in the business of dealer in municipal securities by entering into a contract with the City of Inverness for that purpose.

To the rule to show cause, the Crummer Company entered a plea wherein it denies that it is transacting business in the State of Florida as a dealer in municipal securities that would require it to register with the Florida Securities Commission and that its contract with the City of Inverness does not contemplate the sale of any securities in violation of the laws of Florida. The relator challenges the sufficiency of this plea by demurrer.

Five questions are argued but they all turn on the question of whether or not the contract between the Crummer Company and the City of Inverness constitutes it (the Crummer Company) a dealer in securities requiring it to register with the Florida Securities Commission.

The record discloses that at the time the information was filed, the City of Inverness was an insolvent municipality, that it had entered into a plan to compromise and settle its indebtedness under the Federal Bankruptcy Act, that said Act requires that to effect such a settlement its bonds outstanding in the hands of creditors be surrendered and that refunding bonds issued under the Florida Refunding Act of 1931 at a lower rate of interest and at a reduced par value be substituted in their place.

The only object of the contract was to compromise and adjust the outstanding indebtedness of the City of Inverness

as contemplated by the Federal Bankruptcy Act which carried ample provision for protection of creditors. The Florida Legislature had authorized municipalities to avail themselves of the benefits of the said Act, Section 218.01, Florida Statutes of 1941, and the contract in question was in terms approved by Senate Bill 742, Special Acts of 1943.

We do not overlook the contention of the Attorney General to the effect that the Florida Act approving the contract was unconconstitutional but we find no basis for this contention. The purpose of the Florida Securities Act has been construed by this Court. State v. Atlantic Title Company, 118 Fla. 402, 158 So. 888. It contemplates a sale of securities to require one to qualify under it. The Inverness contract negatived the idea of a sale by the very fact that old bonds were to be substituted for new ones at reduced interest. It was in other words an "exempt transaction" under the Florida Securities Act, Sections 517.02(3) and 517.06(9), Florida Statutes, 1941.

From this it follows that the demurrer to the plea should be overruled and the writ of quo warranto quashed.

Which is so ordered.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.