88 So.2d 495 (1956)
Georgina BOLICK, Appellant,
v.
Eugene Lewis SPERRY and Ronald W. Yurewitz, Appellees.
Supreme Court of Florida, Division A.
June 13, 1956.
*496 Francis K. Buckley and Buckley & Bland, Fort Lauderdale, for appellant.
Fowler, White, Gillen, Yancey & Humkey and Henry Burnett, Miami, for appellees.
TERRELL, Justice.
Georgina Bolick, a guest passenger sued appellees as defendants in the Circuit Court of Broward County for personal injuries, charging gross negligence. The automobile involved was owned by one of the defendants and driven by the other. In their answer defendants denied gross negligence. Trial before a jury resulted in a verdict for $2,500 in favor of the plaintiff against both defendants. A motion to set aside the verdict and enter final judgment in favor of defendants was granted. This appeal is from that judgment.
The point for determination is whether or not the trial court committed error in setting aside the verdict and in ordering final judgment for defendants.
Appellant elected to omit bringing up any of the evidence taken at the trial. Her sole reliance for reversal is an information for reckless driving based upon section 317.21, Florida Statutes, F.S.A., to which a plea of guilty was entered by defendant, Ronald W. Yurewitz. In this state of the record it is settled law that this court having no access to the evidence taken at the trial cannot rule on its sufficiency or insufficiency. Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 So. 595; Florida East Coast R. Co. v. Buckles, 85 Fla. 416, 96 So. 397.
Having disposed of this point, we revert to the question of whether or not a plea of guilty to a charge of reckless driving was sufficient to support a verdict for the plaintiff in an action under the guest statute.
Appellant contends that the terms of section 317.21, Florida Statutes, F.S.A., having to do with reckless driving to which a plea of guilty was entered by one defendant are so similar to the terms of section 320.59, Florida Statutes, F.S.A., upon which the guest action was based that it is equivalent to admission that defendants were guilty of the charge under the latter statute, section 320.59, and being so, it was useless to bring up the evidence.
*497 There is no merit to this contention Section 317.21 has to do with reckless driving and defines what speeds shall be lawful but declares that any speed in excess of the limits so defined shall be prima facie evidence of reckless driving. The information to which the plea of guilty was entered charged that defendants did then and there operate their motor vehicle at a rate of speed in excess of 50 miles per hour at night.
This court has repeatedly held that speed alone is not sufficient evidence of gross negligence to support a verdict for damages under the guest statute. Section 320.59, Florida Statutes, F.S.A.; O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886; Crane v. Loftin, Fla., 70 So.2d 574; Ling v. Edenfield, 5 Cir., 211 F.2d 705. See also Orme v. Burr, 157 Fla. 378, 25 So.2d 870, 878, where we held that "violation of the speed limit fixed by the statute does not of itself constitute wilful and wanton misconduct or gross negligence within the meaning of our guest statute." Whether this is such a case we could not tell without the evidence.
Sections 317.21 and 320.59 are so different in purpose and the evidence required to make out a case under them is such that conviction under the criminal statute would hardly be said to be sufficient to support a judgment for personal injuries under the guest statute. This is even more obvious from reading the cases cited herein.
Other questions have been considered but they bear no theory under which the judgment appealed from should be reversed so it must be, and is hereby, affirmed.
Affirmed.
DREW, C.J., THORNAL, J., and CARROLL, Associate Justice, concur.