106 So.2d 599 (1958)
Rachel Knight HALL and Janie Mae Sturks, Appellants,
v.
Ben C. DAVIS and Maggie Davis, Appellees.
No. A-324.
District Court of Appeal of Florida. First District.
November 20, 1958.
Lurie, Nadler & Tunick, for appellants.
Gray, Chandler, O'Neal & Carlisle, Gainesville, for appellees.
STURGIS, Chief Judge.
The appellees, plaintiffs below, sued in equity to quiet their alleged fee simple title to certain real property. The appellants, defendants below, by their answer and counterclaim charged that they were the true owners of fee simple title to the subject property, and prayed to have their alleged title quieted against the claims of the plaintiffs. Upon the issues thus made the parties severally moved for a summary decree. Plaintiffs' motion was granted and defendants appeal from the decree that was consequently entered.
Aside from the post-trial appeal papers, the record on appeal is limited to the complaint, the answer and counterclaim, the *600 motions of the respective parties for summary decree, and the decree based thereon, which fully covers appellants' directions to the clerk for the making up of the record on appeal. Conspicuous by its absence is a transcript of the proofs, in the nature of exhibits and oral testimony, presented on the motions for summary decree.
Appellants seek reversal on the ground that the Chancellor was in error in permitting the proofs in support of the motions for summary decree to be given orally and, secondly, that the proofs actually developed precluded entry of the summary decree.
The decree recites that the Chancellor carefully considered the pleadings, the exhibits received into evidence, and "the oral testimony of the respective parties and the witnesses produced on behalf of the respective parties to this suit," and "heard the argument of counsel for the respective parties regarding the applicable law."
It is evident from the record that appellants actively and without objection in the circuit court participated in the procedure followed there at the hearing on the issues presented by their own motion for summary decree as well as that of appellees. Under such circumstances the appellants will not be heard, for the first time on appeal and without having furnished this court with a record of the testimony and exhibits in question, to complain of the procedure followed on the ground that the Rules of Civil Procedure (1.36 (a, b), 30 F.S.A.) require such motions to be supported by proof in the form of affidavits. While that may be the better practice, there is no compulsion to do so if the interested parties, as in this case, elect to submit it orally and the trial court so permits.
In order to consider the other questions presented by this appeal we would need to have before us a record of the evidence upon which the decree is predicated. It was appellants' duty to furnish it. Johnson v. Roberts, Fla., 79 So.2d 425.
Affirmed.
WIGGINTON, J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.