134 So.2d 801 (1961)
Mary G. BROWN, as Administratrix of the Estate of Bernice Turner, Deceased, Appellant,
v.
Herbert HOUSEHOLDER, Appellee.
No. 2316.
District Court of Appeal of Florida. Second District.
November 10, 1961.
Rehearing Denied December 6, 1961.
William W. White, Jr., Clearwater, for appellant.
John Allen, Sam H. Mann, Jr., Mann, Harrison, Mann & Rowe, St. Petersburg, for appellee.
ALLEN, Judge.
Appellant, plaintiff below, is appealing an order of the court below directing a verdict for the defendant in an intersectional collision case causing the death of plaintiff's decedent. She is also appealing the subsequent denial of her motion for a new trial.
The collision in this case took place at a "T" intersection. The car in which plaintiff was riding was proceeding east along State Road 694 also called the Pinellas Park Boulevard extension. Defendant was proceeding west along the same *802 road. The impact occurred when the car in which plaintiff was riding as a passenger attempted to turn left and north into 91st Street which brought it into the path of defendant's car approaching from the east. The plaintiff's car was struck in the right rear. It was owned and operated by plaintiff's husband, Dr. Turner. In addition to denying negligence in his answer, defendant pleaded the affirmative defense of contributory negligence on the part of Dr. Turner and the imputation thereof to his wife, plaintiff, on the joint venture theory.
Defendant's motion for directed verdict was denied at the close of plaintiff's case but was granted at the close of all the evidence. The affirmative defenses, however, were apparently not a basis for this ruling as the court stated in making this ruling at T-44:
"I must conclude, gentlemen, there is no evidence from which the jury could reasonably infer that the defendant was negligent so as to support the plaintiff's claim for damages."
The only testimony submitted to this court in the transcript is the testimony introduced by the plaintiff. Defendant-appellee contends that since the motion for directed verdict was granted at the close of all the evidence the record on appeal is inadequate for proper review of the evidence and testimony which formed the basis of the lower court's ruling. Appellant contends that since the sole issue on appeal goes to the absence of negligence vel non on the part of the defendant as a matter of law, the testimony introduced by the plaintiff is all that is needed for a proper determination.
The testimony offered by plaintiff showed that defendant's car left skid marks of approximately 58 feet back from the point of impact which occurred in defendant's lane. Defendant testified that he had been observing a car approaching from the right on 91st Street and did not see plaintiff's car until it was in his path some 35 or 40 feet in front of him; and that his speed had been about 40 mph. The tragedy occurred on a bright clear day and visibility was unobstructed for a considerable distance in either direction from the "T" intersection on State Road 694. The evidence also showed that no hand or automatic turn signal was given by the driver of plaintiff's car. An eyewitness testified that the Turner (plaintiff) car slowly drove past 91st Street on State Road 694, that it stopped, backed up and began to negotiate the left turn into 91st Street; that it was in the intersection for approximately 10 to 15 seconds; that its driver, while backing up and then turning left, was looking over his left shoulder and not down the road to the east, the direction in which he had been traveling before he stopped and backed up.
We must affirm the lower court since the appellant has not included in the record before us all of the testimony that was adduced in the lower court. It is the duty of the appellant to show, from the record in the lower court, that the judgment or decree appealed from was erroneously entered by the lower court.
The appellant has included only the plaintiff-appellant's evidence and has omitted all the evidence given in favor of the defendant.
The defendant made a motion for a directed verdict at the conclusion of the plaintiff's case, which motion was denied by the lower court. The motion, which was renewed at the conclusion of all the evidence, was granted by the lower court. This is the basis of the appeal before this court.
The plaintiff-appellant vigorously argues that since the verdict was directed on the ground that there was no negligence on the part of the defendant, it is only necessary for him to bring up the plaintiff's evidence to show there was sufficient evidence shown by the plaintiff to authorize *803 the jury to determine the fact vel non of negligence. In answer to the appellant's contention, this court cannot conclude that the defendant did not adduce facts which would nullify or destroy the evidence of the plaintiff as to negligence. For instance, a plaintiff could testify in his presentation that the defendant drove through a red light and into the path of plaintiff's car. This same plaintiff, upon being recalled by the defendant, could conceivably be induced to change his testimony when confronted with testimony given by him in a prior criminal proceeding, the record of which showed that the plaintiff had then said that there was no light at the intersection.
Trial attorneys are very often confronted with witnesses changing their testimony after being confronted with previous statements which they had made soon after an automobile collision or other occurrence while the case on trial usually takes place several months or years after the occurrence.
Appellate Rule 3.3, 31 F.S.A., provides that:
"* * * No assignment of error or matter contained in an appendix will be considered unless it is properly based on the record-on-appeal."
Thus, the subsidiary question then amounts to whether the plaintiff's evidence alone is sufficient to inform the appellate court as to whether a directed verdict for the defendant at the close of all the evidence was warranted.
It has been held in Florida that, where review is sought of an order denying a motion by defendant for directed verdict, all the evidence that had been adduced in the cause at the time the motion was made should be presented to the appellate court. Florida East Coast Ry. Co. v. Buckles, 1923, 85 Fla. 416, 96 So. 397. In that case, a negligence action, all of the evidence had been presented with the exception of the exhibits which were technically missing because of improper certification to the Supreme Court under then Supreme Court Rule 15.
The appellant argued that the appellant's evidence must be accepted at face value. There are numerous cases which hold in effect that the plaintiff's evidence must be accepted at face value and is sufficient by itself to permit review of an order granting a defendant's motion for directed verdict. It is noted, however, that in these cases the verdict was directed at the close of plaintiff's case. See Teare v. Local Union No. 295, Fla. 1957, 98 So.2d 79; Propper v. Kesner, Fla. 1958, 104 So.2d 1; Schutzer v. Miami, Fla.App. 1958, 105 So.2d 492; Bell v. Florida Power & Light Co., Fla.App. 1958, 106 So.2d 224. Thus, in these cases, the admonition in Buckles, supra, that all the evidence, adduced at the time motion was made, should be presented to the appellate court, has not been violated. In the instant case, of course, all the evidence adduced at the time of the motion has not been presented to this court. The instant case is distinguishable from Buckles only in that in Buckles the defendant was appealing an order denying a motion for directed verdict at the close of all the evidence whereas in the instant case plaintiff is appealing the grant of said motion; also in Buckles, the record-on-appeal was lacking only exhibits, whereas in the instant case, all of the evidence put on by the defendant is missing from the record-on-appeal.
On exclusion of evidence from the record-on-appeal in various fact situations, the general rule is that the appellate court will not inquire into the sufficiency or insufficiency of the evidence to support a verdict or judgment when evidence is missing from the record-on-appeal. See Brody v. Brody, Fla.App. 1958, 105 So.2d 378; McClosky v. Martin, Fla. 1951, 56 So.2d 916; and Hall v. Davis, Fla.App. 1958, 106 So.2d 599.
A judgment being appealed is normally accorded a presumption of correctness. *804 This presumption is most often applied in cases in which part or all of the evidence adduced at trial is excluded from the record. See 2 Fla.Jur., Appeals, § 319, p. 574. It has been held that when a finding is based partially or wholly on testimony not brought up in the record-on-appeal, the appellate court will indulge the presumption that the finding is correct. Stratton v. Andrews, Fla. 1925, 90 Fla. 375, 105 So. 842; Troutman v. Couture, Fla. 1929, 98 Fla. 889, 124 So. 443; State v. Atlantic Title Co., Fla. 1935, 118 Fla. 402, 158 So. 888. It has further been held that, in the absence of a transcript of the evidence, it must be assumed from an order granting a motion for a directed verdict that there was insufficient evidence to take the case to the jury. Gulf Coast Title Co. v. Walters, Fla. 1937, 126 Fla. 739, 171 So. 763.
Bolick v. Sperry, Fla. 1956, 88 So.2d 495, cited by appellee, presents facts closely analogous to the instant case. After a jury verdict in favor of plaintiff in a case under the Guest Statute, the trial court granted a motion to set aside the verdict and enter judgment for defendants. On appeal, the plaintiff did not present any of the evidence taken at trial. The Supreme Court held that, having no access to the evidence taken at the trial, it could not rule on its sufficiency or insufficiency, citing Buckles, supra.
The Ohio case of Cleveland Ry. Co. v. Kukucz, Ohio, 1929, 121 Ohio St. 468, 169 N.E. 564, cited by appellee, decided almost the precise question presented in the instant case. In that case, negligence and contributory negligence were in issue. At the close of all the evidence, the trial court granted defendant's motion for directed verdict. On appeal, the plaintiff presented only the evidence offered by his witnesses but excluded the evidence of defendant's witnesses. The Supreme Court of Ohio held the record-on-appeal to be deficient. The following language 169 N.E. at p. 565 of that opinion is persuasive:
"This court is of opinion that the Court of Appeals, in view of the failure to incorporate the defendant's testimony in the bill of exceptions, erred in reversing the judgment of the trial court. The record discloses that both parties offered evidence, but that the evidence offered by the defendant was not incorporated in the bill. The motion of the defendant for a directed verdict was made and sustained at the close of the evidence. What the proof offered by the defendant was, whether it countervailed the proof of plaintiff on the issue of negligence, or sustained its issue of contributory negligence, neither the Court of Appeals nor this court has the means of knowing. The missing evidence may have fully sustained the trial court's ruling in directing the verdict. * *"
It appears that the rule laid down in Florida East Coast Ry. Co. v. Buckles, 1923, 85 Fla. 416, 96 So. 397, supra, that in order to review a trial court's disposition of a motion for directed verdict, the appellate court must be presented with all of the evidence adduced as of the time of the motion, is still the law in this state. That the Buckles case sought review of an order denying a motion for directed verdict whereas the instant case seeks review of an order granting same, is not a distinction that alters the problem facing an appellate court in reviewing the sufficiency or insufficiency of the evidence which it of necessity must do in ruling on the propriety of any order given in response to a motion for directed verdict.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.