138 So.2d 96 (1962)
PAN AMERICAN METAL PRODUCTS CO., Inc., a Foreign Corporation, Appellant,
v.
Elton F. HEALY, Appellee.
No. 61-681.
District Court of Appeal of Florida. Third District.
February 26, 1962.
Rehearing Denied March 16, 1962.
*97 Fowler, White, Gillen, Humkey & Trenam and Harold L. Ward, Miami, for appellant.
Daniel Neal Heller, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., HENDRY, J., and GOLDMAN, PHILLIP, Associate Judge.
GOLDMAN, PHILLIP, Associate Judge.
This is an appeal by the defendant below from a final decree which determined (and enforced) the rights and obligations of the parties pursuant to a certain agreement between them. Although the chancellor's decree was expressly and necessarily founded upon "all evidence adduced at the final hearing", the appellant has not favored us with a transcript of the testimony taken in the trial court.
Inasmuch as the question sought to be reviewed is necessarily a mixed question of law and fact, failure to include the transcript is fatal. Under such circumstances the chancellor must be affirmed. McCloskey v. Martin, Fla. 1951, 56 So.2d 916, 918; Brody v. Brody, Fla.App. 1958, 105 So.2d 378; Hall v. Davis, Fla.App. 1958, 106 So.2d 599; Brown v. Householder, Fla. App. 1961, 134 So.2d 801.
This is so because a decree being appealed is generally accorded a presumption of correctness. Stated differently, the burden is on the appellant to make reversible error appear. Brown v. Householder, supra. Obviously an appellant does not satisfy this burden when it seeks review of a decree based partially or wholly on testimony which it does not bring up in the record-on-appeal. Accordingly the final decree here sought to be reviewed must be and it is
Affirmed.