179 So.2d 250 (1965)
Ben D. WILDER, d/b/a Southland Companies, Appellant,
v.
Donald H. ALTMAN and Ruth B. Altman, his wife, jointly and severally, and Paul Campbell and Laura Campbell, his wife, jointly and severally, Appellees.
No. 65-107.
District Court of Appeal of Florida. Third District.
October 26, 1965.
George H. Henry, Miami, for appellant.
Harold Strumpf, H.I. Fischbach, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
PER CURIAM.
The appellant, a real estate broker, was the plaintiff in the trial court. He appeals a final judgment which was entered after a non-jury trial. The complaint joined two causes of action that arose out of a proposed real estate sale which was not consummated. They were: (1) against the seller for a broker's commission; (2) against the purchaser for one-half the deposit placed on the property. The purchaser, appellee, counterclaimed for a return of the deposit.
The trial judge entered an order granting summary judgment for the purchaser on the broker's claim. At the conclusion of the trial, the court entered final judgment against the broker on his claim against the seller. Judgment was also entered for the purchaser, counter-plaintiff, against the broker, appellant, on the counterclaim.
*251 The three points presented urge that the trial court erred in finding against the broker, appellant, upon his claim for a commission from the proposed seller, appellee. Each of these points require this Court to assume facts which do not appear in the record. It is incumbent upon the appellant to present a record which is sufficient to support the points raised on appeal. Johnson v. Roberts, Fla. 1955, 79 So.2d 425; Greene v. Hoiriis, Fla.App. 1958, 103 So.2d 226; Hall v. Davis, Fla.App. 1958, 106 So.2d 599; Brown v. Householder, Fla.App. 1961, 134 So.2d 801. In the absence of a proper record, the judgment must be affirmed. Greene v. Hoiriis, supra; Brown v. Householder, supra.
Affirmed.