SWANN, Judge.
Frances O. Warriner, plaintiff below, seeks review of a final judgment entered after a directed verdict for the defendants because of her failure to prove a prima facie case.
The record on appeal reflects that during her case in chief at the trial, plaintiff testified on two occasions. Testimony of other witnesses was presented, and the plaintiff attempted to testify a third time but the court refused to permit her to retake the stand. At no time was there cross examination of the plaintiff by any of the defendants. The plaintiff then rested her case, as she had no further witnesses. The trial court granted the defendants’ motion for directed verdict because of the plaintiff’s failure to prove a prima facie case, and the plaintiff has appealed from that order and judgment.
The plaintiff has presented this court with the testimony of one witness, *385 George N. Jahn, and has failed to provide us with her testimony and that of all other witnesses. The testimony of Jahn, an attorney, was offered by the plaintiff, a real estate broker, to prove by an expert witness what a reasonable fee might he for services rendered by the plaintiff in this cause. Jahn stated that while he could testify as to a reasonable attorney’s fee, he was not qualified to say what a real estate broker would-charge. His testimony was properly stricken by the trial court, inasmuch as the witness himself did not think he was “qualified to say” what a real estate broker would charge. See 35 Fla.Jur. Witnesses § 255 and 13 Fla.Jur. Evidence § 310.
The plaintiff seeks to overcome this deficiency in the evidence by alluding to various documents presented as evidence in the trial court. An examination of these documents does not prove the existence of the contracts alleged between the parties; the consideration, if any, to be paid to plaintiff for her services, or the damages, if any, suffered by plaintiff.
In Robinson v. Foland, Fla.App.1960, 124 So.2d 512, 513, the court stated:
******
“We have repeatedly held in numerous decisions that when an appeal is taken from a decision, order, judgment or decree entered by the trial court, the burden rests squarely upon appellant to clearly demonstrate by the record that prejudicial error was committed. Included in this burden is the clear responsibility devolving upon appellant’s counsel to bring to this court a trial record containing every phase of the trial proceedings which must necessarily be considered in order that it may be determined whether prejudicial error was actually committed. When the question presented for our consideration must necessarily turn upon the sufficiency or the insufficiency of the evidence to support the trial court’s ruling, it becomes indispensable that such evidence be included in the record on appeal.”
* * * * * *
The plaintiff has failed to provide this court with an adequate transcript of the evidence and it must be assumed, therefore, that there was insufficient evidence to take the case to the jury in view of the order granting the motion for directed verdict. Gulf Coast Title Co. v. Walters, 1937, 126 Fla. 739, 171 So. 763. We have considered the other points on appeal and consider them to be without merit.
The judgment appealed from is
Affirmed.