PIERCE, Judge.
By her Amended Complaint filed in the lower Court, Appellant Elizabeth A. Alt-house (plaintiff) sued State Farm Fire & Casualty Company, Appellee (defendant) to recover upon a home owner-type insurance policy providing insurance coverage against loss of personal property by theft, covering contents of her home in Sarasota, Florida. She alleged that eight days after the policy was issued to her certain items of personal property having a value of over $6,000 were taken from her home while she was away. Notwithstanding notice given pursuant to provisions of the policy, she alleged that defendant has failed or refused to pay her the amount of said loss.
*860 As defenses, defendant company admitted issuance of the policy but denied liability thereon because (1) plaintiff’s check in payment of the premium on the policy was not paid upon presentation to the drawee bank, therefore there was a total failure of consideration, (2) in her application for the insurance policy she had falsely represented that similar insurance had not been refused either to her or any member of her household within three years prior thereto, and (3) she also falsely represented in her application that she had never previously had a loss covered by a similar policy, when in fact she had previously had such a loss.
Thereafter each of the parties filed separate motions for summary judgment, supported by affidavits and other exhibits. Upon hearing before the Circuit Judge the plaintiff’s motion for summary judgment was denied, while the defendant’s motion was granted, and final summary judgment was thereupon entered in favor of the defendant.
Final Order recited that the granting of defendant’s motion was—
“ * * * based on the pleadings, plaintiffs deposition, all Answers to Interrogatories, and all the affidavits on file in this cause, * * * and upon which * * * there is no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law.” (Emphasis supplied).
It will be observed that the Circuit Judge’s Final Order was based in part upon his consideration of plaintiff’s deposition and certain answers to interrogatories.
The record filed in this Court does not contain any deposition nor any answers to interrogatories, and the written Directions to Clerk filed by plaintiff for preparation of the record contained no directions to include any deposition or Answers to Interrogatories.
Defendant contends in this Court that the Order appealed from should be affirmed, regardless of the merits, because this Court does not have before it all of the evidentiary matter which was considered by the lower Court in arriving at its conclusion that there was no genuine issue existing as to any material fact, such as to warrant a jury trial, and that therefore plaintiff has automatically rendered it impossible to carry the burden of demonstrating error in the Final Order appealed from. We are constrained to agree with defendant.
For purpose of appellate consideration, depositions must be treated the same as witness’ testimony. Perkins v. Richards Constructors, Inc., Fla.App.1959, 111 So.2d 494. Where there is no complete transcript of testimony upon which the appealed-from order or decree is founded, same cannot be reviewed by this Court upon appeal. Insana v. Hasty, Fla.App.1959, 109 So.2d 791. An appellate Court cannot review matters of fact or the evidence where all or so much of the evidence submitted before the trial Court as is essential to clearly show error is not in the record before it. Buckalew v. Buckalew, Fla.App.1959, 115 So.2d 564. Where the record on appeal fails to include the entire testimony before the chancellor, all findings of fact must be affirmed. Phillips v. Blum, Fla.App.1962, 139 So.2d 459.
It is elementary that an order or decree appealed from comes to this Court clothed with the presumption of correctness, and that the burden is always upon the appellant to successfully demonstrate to the appellate Court that the decisive action of the lower Court was prejudicially wrong. In Brown v. Householder, Fla.App.1961, 134 So.2d 801, this Court stated the rule as follows :
“A judgment being appealed is normally accorded a presumption of correctness. This presumption is most often applied in cas^s in which part or all of the evidence adduced at the trial is excluded from the record. See 2 Fla. Jur., Appeals, § 319, p. 574. It has been held that when a finding is based *861 partially or wholly on testimony not brought up in the record-on-appeal, the appellate court will indulge the presumption that the finding is correct. Stratton v. Andrews, Fla.1925, 90 Fla. 375, 105 So. 842; Troutman v. Couture, Fla.1929, 98 Fla. 889, 124 So. 443; State v. Atlantic Title Co., Fla.1935, 118 Fla. 402, 158 So. 888.” (Emphasis supplied).
In illustrating its disposition of the appeal in Brown v. Householder, this Court posed a factual hypothesis which would be equally applicable to the instant appeal. In Brown, the defendant had been granted a directed verdict by the trial Judge at the conclusion of all the evidence and the plaintiff upon appeal included in the record before the appellate court only the plaintiff’s evidence upon the theory that such evidence itself was sufficient on its face to show that the question of defendant’s own negligence was sufficient to make it a jury question. But in answer to such contention, this Court stated:
“ * * * this court cannot conclude that the defendant did not adduce facts which would nullify or destroy the evidence of the plaintiff as to negligence. For instance, a plaintiff could testify in his presentation that the defendant drove through a red light and into the path of plaintiff’s car: This same plaintiff, upon being recalled by the defendant, could conceivably be induced to change his testimony when confronted with testimony given by him in a prior criminal proceeding, the record of which showed that the plaintiff had then said that there was no light at the intersection.
“Trial attorneys are very often confronted with witnesses changing their testimony after being confronted with previous statements which they had made soon after an automobile collision or other occurrence while the case on trial usually takes place several months or years after the occurrence.”
In the instant case plaintiff Alt-house contends that her affidavits, which were before the lower Court and are included in the record here, were sufficient in and of themselves to defeat defendant’s Motion for Summary Judgment, and it was therefore not necessary to include in the record here her previous deposition under oath nor her answers given to interrogatories. The last quoted language of this Court in Brown v. Householder disposes of such contention.
See also United States v. Dahlberg, Fla.App.1959, 115 So.2d 86 and Ellison v. Anderson, Fla.1954, 74 So.2d 680.
And a case involving an identical procedural situation to the instant case is Fricke v. Gaines Const. Co., Fla.App.1958, 105 So.2d 374. In Fricke the lower court had granted summary judgment in behalf of the defendant based upon the record, exhibits and other matter of record, namely, the admissions of counsel. In affirming the judgment, the Third District Court held that an appellate review could not be predicated upon a judgment necessarily based upon factual considerations where the evi-dentiary matters involved were not completely certified to the appellate Court. This holding was in the following language:
“The matters thus referred to by the court as a predicate for its action were not brought before us in this record. In that circumstance, as stated in Cohen v. Cohen, Fla.1954, 70 So.2d 362, 363, ‘where the findings of the lower Court were based upon evidentiary matters or a record which is not included in the transcript on appeal, it is impossible for this Court to review the orders of the lower Court.’ ”
It necessarily follows that the Final Order appealed from in the instant case must be and is—
Affirmed.
SHANNON, Acting C. J., and LILES* J., concur.