193 So.2d 4 (1966)
GULF HEATING AND REFRIGERATION COMPANY, Inc., a Florida Corporation, Petitioner,
v.
IOWA MUTUAL INSURANCE COMPANY, an Iowa Corporation, Respondent.
No. 35471.
Supreme Court of Florida.
November 23, 1966.
Rehearing Denied January 12, 1967.
Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, and Horton & Schwartz, Miami, for petitioner.
Robert F. Nunez, St. Petersburg, for respondent.
DREW, Justice.
Petitioner in this certiorari proceeding controverts a decision of the district court reversing a judgment for petitioner, the plaintiff in an action for wrongful garnishment.
Upon a review of plaintiff's evidence the district court held that "the lower court erred in failing to grant Defendant's motion for directed verdict upon the conclusion of evidence submitted by Plaintiff and again upon the conclusion of all of the evidence."[1] In view of the limited record before the appellate court, containing only plaintiff's evidence, we think the quoted ruling must be construed as one simply finding error in the denial of defendant's motion for directed verdict at the close of plaintiff's evidence.[2] To the extent that the language might indicate a decision of greater breadth, i.e. a finding of error in the failure to grant a directed verdict upon consideration of all the evidence, the appellate record was obviously insufficient to permit such a determination.[3]
Certiorari in this Court is based on conflict between this decision, reversing a judgment entered on a jury verdict and directing that defendant's motion for directed verdict be granted upon appellate consideration of plaintiff's evidence alone, *5 and the rule pronounced in 6551 Collins Avenue Corp. v. Millen[4] that in this situation a defendant may obtain appellate review of that issue only by assignment of error directed to the trial judge's ruling on consideration of all the evidence adduced in the cause:
"Insofar as appellate review of the sufficiency of the evidence under an assignment of error directed to the trial judge's ruling upon the defendant's motion is concerned, it is clear that in the situations hypothesized in the preceding paragraphs the trial judge's ruling would be based on a consideration of all the evidence adduced in the cause, so that the question of the sufficiency of the evidence could properly be considered by the appellate court on an assignment of error directed to the trial judge's ruling thereon. Cf. United States v. 353 Cases, etc., 8 Cir., 1957, 247 F.2d 473."[5]
Upon a thorough study of the authorities referred to in the Millen opinion the conclusion is inescapable that under the federal doctrine of waiver there approved[6] a defendant, by proceeding with the presentation of his evidence, waives any error in denial of his initial motion, and that the court's ruling on the renewed motion required at the close of the case must be, as above stated, "based on a consideration of all the evidence adduced in the cause."[7]
The appellate issue must accordingly be resolved by review of the defendant's as well as plaintiff's evidence. This disposition of the point is in accord with earlier decisions indicating that error in denying directed verdict on plaintiff's evidence may be cured by subsequent testimony.[8] The burden of framing proper appellate issues or correcting record omissions in the instant case did not, in our opinion, devolve upon the petitioner, appellee below. Florida Appellate Rule 3.6(d) (2), 31 F.S.A. Whatever may have been the breadth or deficiencies of appellee's contest of the appeal, such cannot logically serve to bolster the reversal in this case.
The decision below, upon the limited record and error assigned, is quashed with directions that the judgment of the trial court be affirmed.
It is so ordered.
THOMAS, ROBERTS and O'CONNELL, JJ., concur.
THORNAL, C.J., dissents with opinion.
THORNAL, Chief Justice (dissenting):
There is no jurisdictional conflict.
NOTES
[1] Iowa Mutual Insurance Company v. Gulf Heating & Refrigeration Company, Inc., Fla.App. 1966, 184 So.2d 705, 707.
[2] That conclusion is indicated by the record facts and the implicit language: "* * * the lower court erred in failing to grant Defendant's motion for directed verdict, [which was presented] upon the conclusion of evidence submitted by Plaintiff and again upon the conclusion of all of the evidence."
[3] Bolick v. Sperry, Fla. 1956, 88 So.2d 495, 496.
[4] 104 So.2d 337.
[5] Ibid, p. 342.
[6] Id. p. 340: "It appears to us, therefore, that the federal rule as to waiver may and should be applied in this situation in the same manner as it is applied in the federal courts."
[7] See 2B Barron & Holtzoff, Fed.Prac. & Proc., Sec. 1074: "The renewed motion will be judged in the light of the case as it stands at that time, and even though the court may have erred in denying the initial motion, the error is cured if subsequent testimony on behalf of the moving party repairs the defects of his opponent's case."
[8] Atlas Dredging Co. v. Mitchell, 74 Fla. 307, 77 So. 542, 544, L.R.A. 1918F, 220. The corollary rule that an appellant may not omit any of the evidence which had been adduced at the time of his initial motion for directed verdict does not, on its face, negate the curative principle requiring consideration of later evidence as well. Florida East Coast Ry. Co. v. Buckles, 85 Fla. 416, 96 So. 397.