OWEN, Judge.
The plaintiffs in this negligence suit appeal from final judgment entered in favor of the defendants. The case was previously before this court on plaintiffs’ appeal from a summary judgment entered in favor of defendants which we reversed because the affidavits submitted by the opposing parties disclosed factual issues. Belflower v. Risher, Fla.App.1968, 206 So.2d 256.
On the present appeal appellants contend that the sole point involved is whether the trial court erred in determining as a matter of law the status which plaintiff Sarah Belflower occupied while on the defendants’ property, and in subsequently directing a verdict in favor of the defendants.
The record on appeal contains none of the trial proceedings except the testimony of the plaintiff Sarah Belflower and one witness called on behalf of plaintiffs. Although appellants state in their brief that the trial court directed a verdict in favor of defendants at the close of all of the evidence, based upon a determination by the trial court that the plaintiff, Sarah Bel-flower occupied the status of a licensee, the transcript of trial proceedings does not disclose any of this. Appellants’ brief discloses that the partial transcript of proceedings furnished to us also omits the testimony of other witnesses.
 Since the appellants have not included in the record all of the evidence that was adduced in the trial court, we cannot properly review the action of the trial court in directing a verdict for defendants. The judgment arrived here with a presumption of correctness and in the absence of a proper record demonstrating reversible error, the judgment must be affirmed. Gulf Coast Title Company v. Walters, 1937, 126 Fla. 739, 171 So. 763; Warriner v. Doug Tower, Inc., Fla.App. *703 1965, 180 So.2d 384; Wilder v. Altman, Fla.App.1965, 179 So.2d 250; Brown v. Householder, Fla.App.1961, 134 So.2d 801.
Affirmed.
CROSS, C. J., and WALDEN, J., concur.