## STATE ex Rel. TONG, Relatrix, v. DISTRICT COURT ET AL., Respondents.

(No. 8,030.)

(Submitted November 7, 1939.   Decided December 6, 1939.)

[96. Pac. (2d) 918.]

*Mr. John K. Claxton,* for Relatrix, submitted a brief and argued the cause orally.

*Mr. P. E. Geagan* and *Mr. John B. McClernan,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

On March 25, 1939, the district court for Silver Bow county, Montana, granted a decree of divorce to the plaintiff in a case entitled *May Tong* v. *John Tong.* The decree was based upon findings of fact and conclusions of law dated February 16, 1939. The findings relating to property and alimony are as follows:

"4. That plaintiff owns the house in which she lives, but is possessed of little other property; that defendant earns two hundred dollars a month as a salesman and owns personal property of value.

"5. That seven hundred and fifty dollars is a reasonable sum to be paid by the defendant to the plaintiff for her support in the following manner, to-wit: two hundred and fifty dollars on or before the first day of March, 1939; two hundred and fifty dollars on or before the 15th day of April, 1939, and the remaining two hundred and fifty dollars on or before the 31st day of May, 1939."

The decree, after embodying the findings of fact and conclusions of law, recites, in respect of alimony, the following language: "And this does further order, adjudge and decree that defendant pay to the plaintiff the sum of $750 for her support in the following manner, to-wit: $250 on or before the first of March, 1939; $250 on or before the 15th day of April, 1939, and the remaining $250 on or before the 31st day of May, 1939."

After entry of judgment the defendant paid the $750 into the office of the clerk of the court of Silver Bow county, which sum the plaintiff refused to accept. She filed a notice of appeal, being dissatisfied with the amount of the award of alimony, and applied to the district court for an order to show cause directing the defendant to appear and show cause, if any he had, why he should not pay the costs and expenses of an appeal from the district court judgment, and $50 per month for the maintenance and support of the plaintiff during the pendency of the appeal. Upon hearing of the order to show cause the court entered an order dismissing it. Thereupon the plaintiff applied to this court and was granted an alternative writ of supervisory control, directed to the district court of Silver Bow county and the Honorable T. E. Downey, one of the judges thereof, requiring him to set aside and annul the order of dismissal or show cause why a writ of supervisory control should not be issued. At the hearing the respondents made return and answer to the alternative writ, and also filed a motion to quash.

It appears from the return and answer, and also from the admission of counsel on oral argument, that the stenographic notes made at the hearing in the district court on the order to show cause are not available through no fault of the relatrix. The official court stenographer was not available for the hearing, and on demand of the defendant the court appointed a stenographer *pro tempore,* who subsequently misplaced or destroyed her notes. Inasmuch as the allowance of temporary alimony, suit money and costs rests entirely in the discretion of the district judge, this court is not in a position, in the absence of a transcript of the testimony, to say that the district judge abused his discretion in dismissing the order to show cause, unless, as a matter of law, the trial court on the record here presented, can be held to have abused its discretion.

The right of the plaintiff to appeal from the trial court's award of alimony is absolute and fixed by law, but the matter of allowance of maintenance to her during appeal and of costs for the purpose of prosecuting the appeal is entirely

discretionary with the trial court. (*Bordeaux* v. *Bordeaux,* 29 Mont. 478, 75 Pac. 359; sec. 5769, Rev. Codes.)

The relatrix alleged in her application for a writ of supervisory control that she has no plain, speedy or adequate remedy at law other than for a writ of review or supervisory control. The respondents in their motion to quash the alternative writ gave, among other reasons, the fact that the petition of relatrix affirmatively shows that she had not exhausted the remedies provided by law for the wrong complained of, before applying for the extraordinary writ, and argued that a motion to modify the decree is an available remedy.

In order to determine this question we must examine the decree as it relates to alimony, and the Montana statutes and the decisions of this court on that subject.

The relatrix contends that the award of alimony is final and cannot be modified. The respondents contend that such award is not final and cannot be made final by a district court, in view of section 5771, Revised Codes, which reads as follows:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively, and the court may, from time to time, modify its orders in these respects; provided, however, that upon proof of the remarriage of a divorced wife, after the final judgment in a divorce action, the court must order a modification of the judgment by annulling the provisions of the judgment directing the payment of money for the support of the wife."

In the case of *Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164, 165, this court stated: "When the application is made by the wife for an increase of her allowance, it must appear that her circumstances have so changed that her needs are such as to render a larger allowance necessary, and that the husband is able, by reason of a change in his circumstances, to pay the additional amount." The *Brice Case* further holds, "That the allowance

so made is inadequate is not ground for the modification of the decree, but a matter subject to correction on appeal; the parties being conclusively bound thereby if they acquiesce in the result until the time for appeal has elapsed.''

This court, in *Boles* v. *Boles,* 60 Mont. 411, 199 Pac. 912, 913, used the following language in construing section 5771, supra: ''It does not appear that the trial court was overly generous in its award of alimony, in view of the ill health of the plaintiff and the financial ability of the defendant. However, this is a matter which may be remedied at any time when considered necessary or desirable, upon a proper application and showing to the district court, under the provisions of section 3677 [3679, now section 5771.]''

It is thus seen that the language in the *Brice Case* must not be construed as forbidding modification of an award of alimony, where the remedy through appeal has been lost, provided changed circumstances warrant modification, and further that the award as originally made, was not in gross, or a lump settlement. While the *Brice Case* holds that before an increase in award can be made, upon application to modify, it must appear, not only that the needs of the wife have increased, but also the ability of the husband to pay, has been enhanced through a change in his circumstances, yet this would not prevent a court, on due showing made, from continuing in force, for additional time, an award that has expired by the terms of the decree, where, upon such application, the needs of the wife and the ability of the husband are the same as at the time the original award was made, assuming, of course, that the original award was not in gross.

If the plaintiff were to accept the award of alimony as made ██ by the trial court, she would, of course, be barred from appealing from the award. (*Revard* v. *Revard,* 128 Okl. 242, 262 Pac. 679.) This, of course, refers to relief through appeal, but in no way bars the wife from applying to the court for relief under section 5771, supra. The right to appeal and the right to apply to the court for modification of the decree are independent rights, based upon different statutes. The former right

is limited to a certain time; the latter, while not limited by time, is dependent upon conditions and circumstances.

This court has held on several occasions that it is inadvisable, except for special reasons and under special circumstances, to make an award of alimony in gross or in a lump sum. (*Bristol* v. *Bristol*, 65 Mont. 508, 211 Pac. 205; *Lewis* v. *Lewis*, ante, p. 42, 94 Pac. (2d) 211.) In the first cited case this court used the following language: "In a case of this kind where no complaint is made, as here, as to the husband's industry and financial ability, and where the property consists of but one parcel, the sale of which, in order to satisfy the judgment for alimony, would probably be necessary, we think it the better practice to make a monthly, or other periodical, allowance, to the end that the court can, from time to time, modify its order in these respects should changed conditions or circumstances make it advisable or necessary."

Thus this court intimated that where the district court makes an award of alimony in gross, it could not thereafter modify the decree under the provisions of section 5771.

In 18 American Jurisprudence, page 491, the following language is used as to the modification of an allowance: "A decree awarding alimony should always contain a provision reserving the right subsequently to modify the allowance on the application of either party according to their varying circumstances, and if the trial court should fail so to provide in the award, such failure may be remedied on appeal. In many jurisdictions the omission to make such a reservation in the decree is immaterial, since the courts are generally authorized by statute to amend an allowance for causes arising subsequent to its award." The Montana statute above cited makes such provision, and it is not necessary for the court to reserve jurisdiction in the decree to make subsequent modification, although in special instances where it is desirable to set out the particular reason for reservation of jurisdiction, it is good practice for the court specifically to recite what it reserves for further order or modification.

It is well settled in most jurisdictions, including Montana, that alimony is in no way a property settlement, but is the provision made for the support of the wife. (19 C. J. 201; *Lewis* v. *Lewis*, supra.) In *Buckminster* v. *Buckminster*, 38 Vt. 248, 88 Am. Dec. 652, the court in expressing the reason for the rule of finality of award used the following language: "Where upon granting a divorce there has been a decree of alimony, and there has been no fraud or concealment by which the court has been misled, but the decree has been made either upon a hearing, or according to an agreement of the parties,— there we should be very slow, under any circumstances, to revise or alter the former decree. * * * The divorced husband has a right to regard the obligation to support the former wife ended, and to be at liberty to enter into new relations without the pressure of such a burden upon him."

Inasmuch as alimony is awarded a wife for her support when the husband is at fault, in practically all jurisdictions, which continues so long as her need exists and so long as her husband is able to pay, it is seen that the usual marriage vows "till death do us part," and "for better or for worse," have some significance even beyond the sundering effects of a divorce decree.

The state, being an interested party in the success of marriage, does not look lightly upon a divorce which tends to pauperize a woman and cast her out upon society to regain her own livelihood after she has by marriage and divorce lost the thread of contact with commerce or profession.

We hold that if the district court awards alimony in gross, either upon an agreement of the parties or after a hearing, where there has been a full, fair and honest disclosure of all conditions and circumstances, the award becomes final after the expiration of time for appeal, and is not subject to modification under the provisions of the section of our Code above cited, provided the decree indicates that the award relieves the husband of all future obligation to support.

In view of the obligation of an erring husband to support his divorced wife while her need and his ability exist, and in

view of the plain provisions of section 5771, supra, we must hold that there is a presumption that the trial court retains jurisdiction of the question of alimony, unless by clear, unequivocal language it indicates in the decree that the award is final and not subject to further order. Any other rule would bar a divorced wife proper relief, in case of need, where the time for appeal has elapsed, and might cause the state to assume the burden of support where the duty is primarily that of the husband. This, of course, does not apply to provision for minor children, as parents cannot be relieved absolutely of the obligation to support their children during minority. (*Brice* v. *Brice,* supra; secs. 5833, 5834, Rev. Codes.)

In the case at bar the court had power under section 5771, supra, to make suitable allowance for the wife's support "during her life," which it did not do, or "for a shorter period," which it did not name. However, as heretofore pointed out, the respondents concede that the award of $750 is subject to future modification, upon proper application and showing; hence we need not determine whether the language used in the decree was sufficiently explicit in that respect.

From the record before us we cannot say that the trial court abused its discretion. The alternative writ is quashed and the proceeding dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.