Action by Dorothy Elizabeth Yandell against John Newton Yandell for divorce. From a decree for the plaintiff, defendant appeals.
Affirmed in part, reversed in part.
See also 33 So.2d 869.
The final decree in this case granted a divorce to the appellee (plaintiff below), gave unto her the custody of the two children of the marriage, denied to the appellant (defendant below) all rights of visitation, ordered the appellant to pay arrears of temporary alimony in the sum of $2,770, directed appellant forthwith to pay unto appellee, in a lump sum, $22,800 as permanent alimony and allowed the sum of $5,000 as attorneys' fee for appellee's attorneys of record.
It is contended by the appellant that the decree was erroneous in that the Chancellor should not have denied to the appellant all rights of visitation, should not have ordered payment of the arrearage of temporary alimony in the sum of $2,770, should not have awarded a lump sum of $22,800 permanent alimony and finally the attorneys' fee of $5,000 was exhorbitant.
We find no fault with the Chancellor's decree insofar as it granted the custody of the two children to the appellee nor do we find error in that part of the decree which ordered appellant to pay the sum of $2,770 which had accrued as alimony and support for the children pendente lite.
A careful examination of the transcript now before this Court convinces us that the denial to appellant of the right of visitation constituted error and the allowance of $5,000 as attorneys' fee for the appellee's attorneys of record was excessive. The privilege of visiting the minor children of the parties to a divorce proceeding should never be denied either parent so long as he or she conducts himself or herself, while in the presence of such children, in a manner which will not adversely affect the morals or welfare of such progeny. The sum of $3,000 appears to us to be an appropriate fee for the attorneys representing appellee. Such sum is ample for the services which the record before us discloses were performed by said attorneys.
By far the most important question, from a legal standpoint, presented for our consideration is whether an award of permanent alimony in a lump sum should have been made. Chapter 23894, Laws of Florida, 1947, F.S.A. § 65.08, authorizes a court of equity to order payment of alimony in a lump sum. The pertinent provision of this statute is as follows:
"65.08. In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous *Page 556 
wife. In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum."
Under the provisions of this statute the Court is authorized and directed to make such orders "as from the circumstances of the parties and nature of the case may be fit, equitable and just." So we are confronted with the query as to whether or not in a suit for divorce where the evidence fails to disclose that the wife contributed to the accumulation of the property of the husband and further fails to show that the husband has sufficient property or a source of income which would justify a lump sum allowance of alimony, it is "fit, equitable and just" to grant alimony in a lump sum to the wife.
We have not been called upon heretofore to pass upon this question or to set forth a yard stick as a guide to the several Chancellors of this State to be used by them when considering the propriety of a lump sum award of alimony. We quote with approval from 27 C.J.S., Divorce, § 235, page 967, the following:
"Where an award of alimony or allowance may be either in gross or by periodical payments, it has been said that ordinarily the better method of awarding alimony is by an annual allowance payable at such intervals as may best suit the convenience of the husband and meet the demands of the wife, to the end that the court may retain its power to modify the alimony provision as circumstances may warrant in the interest of justice to both parties. Such an award rather than one for a lump sum is often held proper, particularly where the divorce is not absolute or where the husband's present estate or property is so small as to render inadequate the award of any portion of it as a full and final award of alimony. On the other hand, it has been held to be proper and the better practice, at least with respect to some situations, to award alimony in gross, as where the divorce is an absolute one, restoring the parties to the state of unmarried persons, or where, there being no children, the lives of the parties will diverge, where the wife has brought money or property to the husband, or where property has been accumulated by the joint efforts of the husband and wife. In the final analysis, the question of whether or not an allowance of a gross sum should be made must be determined by the facts of the particular case, having due regard to the best interest of the parties and the husband's financial ability to respond to an award in gross. Where alimony in gross is awarded, it is especially important that every fact material to the determination of a just award should be before the court, and it has been held that an award in gross cannot be made in the absence of proof of the wife's age and expectation of life. Where a decree awards an allowance in gross, the right to the amount so fixed, even though it is made payable in installments, becomes vested in the wife, and the obligation of the husband to pay it has every element of finality."
We are constrained to the view that ordinarily the better practice is to direct periodic payments of permanent alimony and a lump award should be made only in those instances where some special equities might require it or make it advisable; for instance, where the wife may have brought to the marriage, or assisted her husband in accumulating, property and where it is clearly established that the husband has assets sufficient in amount to pay the gross award. State ex rel. Tong v. District Court, etc., 109 Mont. 418, 96 P.2d 918, 921; Martin v. Martin,195 Ill. App. 32. There may be other situations which might justify or possibly require a lump sum award, but it should never be made unless the husband is in a financial position to make payment of such gross award without endangering or actually impairing his economic status. A lump sum allowance of permanent alimony is not "fit, equitable and just" unless the husband is in a position to make payment of the sum so granted over and above the requirements attendant upon the maintenance of his business or employment, or the preservation of his professional activities.
Of course, where the husband's financial condition is such as to enable him to respond to a gross allowance of alimony without jeopardy to his business, profession or employment it may be the better solution to *Page 557 
grant such allowance when all other equitable considerations justify it and thereby avoid vexatious and possibly endless litigation.
We do not find in the record before us that the appellant was in position to pay the lump sum award of $22,800 without destroying his small estate and encumbering his anticipated income for a limitless period of time if, indeed, it would be possible for him to make such a payment at all. We likewise fail to find any special equities which tend to justify a lump sum allowance.
It is contended by counsel for appellee that this Court has not been furnished with the transcript of all the evidence which was before the Chancellor. It does not affirmatively appear that there was any evidence other than that which is contained in the transcript which might have been a basis for the lump sum award of permanent alimony. We quote from the final decree:
"The above cause came on for final hearing with plaintiff and defendant represented by counsel, and after hearing the sworn testimony of plaintiff and her witnesses, no testimony having been offered by defendant, upon said testimony, and the testimony and evidence theretofore taken and filed in said cause * * *" (Italics supplied)
This recitation by the Chancellor leads us to no other conclusion than that we now have before us all of the evidence which was weighed by him. The testimony to which reference is first made appears to be contained in the supplemental transcript of record which was filed in this Court as Exhibit "B." The only other testimony which the Chancellor stated had been considered by him upon the entry of the final decree is shown by the above quotation to have been that which was taken and filed in the cause. The original transcript of record now before this Court contains the evidence which had been taken and filed previous to the final hearing. Since it does not appear from the record that there was evidence before the Chancellor which has not been furnished to this Court, we cannot, and should not, fall back upon our adjudications to the effect that when it is evident a part of the testimony is not before us we then presume that the Chancellor heard evidence which justified the decree which he entered. See Lorenz v. Lorenz, 157 Fla. 402, 26 So.2d 54; Stratton v. Andrews, 90 Fla. 375, 105 So. 842 and numerous other cases.
It is our conclusion that the final decree should be affirmed in all respects except the right of visitation should not have been denied appellant; the allowance of attorneys' fee in the sum of $5,000 should be modified and the fee reduced to the sum of $3,000 and that part of the final decree which awarded a lump sum of $22,800 as permanent alimony should be reversed. The Chancellor is directed to enter an order for the support of the children consonant with their necessities and appellant's ability and to provide for such permanent alimony, payable periodically, as good conscience and the same yardstick of "necessity and ability" may dictate. Of course, if appellee has remarried, as was suggested in one of the briefs filed in this Court, no allowance for permanent alimony subsequent to such remarriage could or should be made. It is further directed that the Chancellor make some provision for the appellant to visit his children at such times and places as may be reasonable and appropriate.
Affirmed in part; reversed in part.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 558