PER CURIAM.
The appellant was the plaintiff-wife in a- divorce suit. She was granted a decree of divorce and lump-sum alimony of $750 per month, payable for twenty months. This appeal urges error in the amount of the alimony. The substance of appellant’s argument before this court is that she was entitled to alimony of some $2,000 per month so that she might continue to live in the style to which she had become accustomed during the marriage of ten months. The appellee, on the other hand, argues that the chancellor did not abuse his discretion in the award of alimony. The chancellor appears to have found that the sum of $15,000 in periodic payments would be some salve to appellant’s feelings. We find no support in the record for this allowance. The Supreme Court of Florida has set forth in Yandell v. Yandell, Fla. 1949, 39 So.2d 554, the basic conditions under which chancellors should use lump-sum alimony rather than the normal periodic payments of alimony. The instant case clearly fails to come within these limitations upon the chancellor’s discretion. We have considered appellant’s *776 remaining points directed to the evidence and to her claimed right to the use of the home and find no error demonstrated.
We therefore remand this cause with directions to the chancellor to enter an order for alimony to be paid in periodic installments, taking into consideration the needs of the appellant and the ability of the appellee. This is not to suggest that the chancellor may not take into consideration the many guides and factors which the decided cases furnish upon the subject of the amount of alimony to be awarded a divorced wife. It should be specifically noted, however, that these guides and factors do not include the relative merits of the personal lives of the parties involved. The chancellor is.specifically authorized to take such additional testimony as he should find necessary and proper.
Reversed and remanded.