HENDRY, Chief Judge.
The appellant wife seeks review of a final decree granting her a divorce and ordering the appellee husband to pay as alimony the sum of $650.00 per month for a period of twenty-four months. The chancellor also ordered the sale of a jointly ■owned house and furnishings therein, the funds to be divided equally between the parties.
The parties were married on December 21, 1962, and on August 30, 1965, the wife removed herself from the marital home. Both parties were previously married and had children by their former marriages. No children were born of this union. The wife was gainfully employed prior to this marriage.
The wife contends that the award of alimony was insufficient.
A full discussion of the propriety of awarding alimony in gross may be found in Yandell v. Yandell, Fla.1949, 39 So.2d 554. It is there stated that ordinarily the better practice is to direct periodic payments of permanent alimony. There are situations, however, which justify or possibly require a lump sum award. A lump sum award is justified where, as here, the marriage was of relatively short duration and there were no children born of the union. In addition, both parties were previously married and the wife was gainfully employed prior to this marriage.
The amount of the award is within the sound judicial discretion of the chancellor. The wife has failed to carry the burden of showing an abuse of that discretion. We conclude that there is substantial and competent evidence in the record to support the amount of the award and the mode of payment.[1] However, in light of our holding below the chancellor may wish to review the amount awarded. Therefore, upon remand the chancellor may, in his discretion, reconsider the award of alimony.
The wife next contends that the chancellor erred in ordering the sale of property owned by the entireties.
In her complaint the wife did not pray for the partition or sale of the jointly owned home, nor did the answer of the husband seek such relief. At trial, the wife, who had removed herself from the marital home, requested that she be allowed to live in the home so that she would be relieved of paying rent and be able to put the house in good condition and sell the property.
In the absence of an agreement between the parties or appropriate pleadings praying for such relief upon the entry of a decree of divorce, the chancellor is with *312 out authority to order the partition, sale and equal division of the proceeds, of property held in an estate by the entireties.[2] Therefore, that portion of the decree ordering the sale of the jointly owned house and furnishings must be reversed.
The remaining points on appeal do not show an abuse of the chancellor’s discretion.
Accordingly, that, portion of the decree ordering the sale of the jointly owned house and furnishings therein is reversed; the remaining provisions of the decree are affirmed; however, the cause is remanded' so that the chancellor may reconsider the award of alimony in light of our holding. The chancellor may also consider the wife’s request that she be permitted to live in the house.
Affirmed in part, reversed in part and remanded.

. Pross v. Pross, Fla.1954, 72 So.2d 671.

. Gonzalez v. Gonzalez, FIa.App.1963, 156 So.2d 206.