HENDRY, Judge.
Appellant-wife was the plaintiff below, having filed her complaint for divorce and other relief. Final judgment of divorce was entered in favor of the appellant, granting her the divorce and lump-sum alimony. She now contends that the chancellor erred in awarding the lump-sum alimony rather than periodic payments of alimony, and as grounds for this contention, she alleges generally that neither special circumstances nor peculiar equities were demonstrated to justify the lump-sum award. In particular, the wife calls our attention to the fact that she enjoyed a high standard of living before the divorce; that she requires psychiatric treatment for her emotional well-being; that the earnings of ap-pellee-husband are very high, and will continue to increase; and that her own personal capital assets would be depleted if she is required to maintain her standard of living without an increase in the chancellor’s award, or a modification of the alimony to periodic payments. Based on the above reasons, appellant contends that the chancellor abused his discretion. Gordon v. Gordon, Fla.App.1968, 204 So.2d 734.
Resisting the above contentions, appel-lee-husband urges that no abuse of discretion has been demonstrated. See Ortiz v. Ortiz, Fla.App.1968, 211 So.2d 243. In support of his position, the appellee has noted that the record demonstrates that no children were born of the marriage; that the wife had worked prior to the present marriage, and is gainfully employable; that the wife is of a relative young age; that her need for psychiatric treatment was uncorroborated; and that “other circumstances in the case” besides the wife’s needs and the husband’s ability to pay, may properly guide the chancellor in selecting the amount of alimony to be awarded. See *580 Kahn v. Kahn, Fla.1955, 78 So.2d 367; Schultz v. Schultz, Fla.App. 1967, 197 So.2d 310; Whitehead v. Whitehead, Fla.App. 1966, 189 So.2d 397.
After a close examination of the record, we are convinced that the chancellor did not abuse his discretion when he selected the amount and terms of the alimony payable to the wife. Evidence and testimony was well presented by both parties, and the chancellor appears to have acted properly within the realm of discretion he enjoys in matters of setting alimony and other obligations in a divorce case. See especially, Milander v. Milander, Fla.App. 1968, 208 So.2d 876; Schultz v. Schultz, supra.
Affirmed.