WALDEN, Judge
(dissenting) :
I respectfully dissent.
My analysis of the agreement, without laboring it, is that the payments constituted lump sum alimony and nothing more or less. The maximum and the minimum to be paid was precisely prescribed, namely 48 months X $250.00, for a total of $12,000. It was payable monthly or in single sum at the husband’s option. The critical difference here when compared with periodic alimony hinged upon the husband’s common law obligation of support is that in the latter situation, the sum is always indeterminate and depends upon the future life, needs and abilities of the parties. See Fort v. Fort, 90 So.2d 313 (Fla.1956), and 10 Fla.Jur., Divorce §§ 160, 161 and 197. The mere fact that the $12,000 could be paid in monthly installments did not destroy its “lump sum” character. Schultz v. Schultz, 197 So.2d 310 (Fla.App.1967).
It is my opinion that the trial court lacked jurisdiction to modify this agreement and that neither the husband nor the wife should be permitted to complain and vary the agreement. Upon non-payment the trial court should grant the wife judgment. However, if my view of the basic question should be incorrect, I wholeheartedly concur in that part of the majority opinion which provides in the interest of fairness and consistency that the wife, too, may petition for modification of alimony payments for as long as the parties live and the wife does not re-marry.