JOANOS, JAMES E., Associate Judge.
The parties were first married in 1939 and purchased the real property in question in 1952. They were divorced in 1961. At the time of the divorce, there was no property settlement regarding the subject property, therefore, the parties become tenants-in-common. The parties remarried each other on June 9, 1972.
On July 27, 1972, the parties became separated. On August 7, 1972, the parties met and discussed the subject property. Appel-lee, Rudolph T. Sirilo, hereinafter referred to as “husband”, gave appellant, Alice M. Sirilo (now Alice M. Sirilo Mariness) hereinafter referred to as “wife”, $10,000.00 and she executed and gave him a quitclaim deed purporting to transfer all of her interest in the property to him. On the next day August 8, 1972, the property was sold and allegedly because of a mistake, the_ wife joined in the conveyance and the purchas *762 ers gave a note in the amount of $50,000.-00, secured by a mortgage. The note was made payable to “R. T. Sirilo, and wife, Alice M. Sirilo”.
On August 9, 1972, the husband filed suit for divorce, and on October 12, 1972, a final judgment dissolving the marriage was entered which did not make any reference to the note and mortgage. There was no appeal taken from the final judgment dissolving the marriage.
From the date of the sale until after the appeal time had run on the judgment dissolving the marriage the husband received all of the payments on the note and mortgage apparently without objection by the wife.
Sometime later, the husband filed his complaint commencing the instant proceeding. In the complaint, the husband asked that the lower court require the wife to assign all of her interest in the mortgage to him alleging that the mortgage had been made payable to both parties by mistake. The wife answered asserting that the final judgment dissolving the marriage was res judicata as to the property rights of the husband and wife and that each of the parties owned a one-half undivided interest in the $50,000.00 note.
After having considered the evidence presented, the circuit court entered the final judgment appealed from finding that the parties were entitled to share equally in the proceeds derived from the sale of the property. That judgment ordered that all monies previously received from the purchasers as well as the $10,000.00 received by the wife on August 7, 1972, to be redistributed so that each would share equally up to the time of the judgment. The court further adjudged that each of the parties would thereafter be tenants-in-common in the note and mortgage and each would be entitled to receive one-half of the payments until the note and mortgage were paid in full. Both parties have appealed.
We have carefully read the record on appeal and the briefs submitted by the parties, and have concluded that neither party has demonstrated reversible error.
The wife has contested that the trial court erred by going behind the final judgment of dissolution of marriage to reform the rights of the parties to the property question. She argues that this court’s opinion in Durham v. Ellis, 157 So.2d 185 (2d D.C.A.Fla.1963) is controlling. Her position is that if appellee wanted relief from the alleged mistake, he should have sought it in the dissolution proceeding and that it is too late now. The husband’s position is that the trial court erred in not granting his requested relief for all of the mortgage payments. He contends that the evidence shows that an error in placing appellant’s name on the note and mortgage was committed and that there was no consideration entitling the wife to any of the note payments.
While the facts of the Durham case are somewhat similar to those of the instant one, the differences are quite meaningful. Durham does not deal with a mistake in the execution of documents pursuant to a property closing. Durham dealt with error in the testimony of the husband at a divorce hearing. The husband in that case, after the time for appeal had passed, asked the court to reform a note and mortgage to do equity because of his error at the hear-” ing. This court rightfully decided in the Durham case that res judicata prevented the relief sought by the husband.
However, in the instant proceeding the alleged mistake occurred in the property transaction which took place prior to the dissolution. The evidence reflects that the title company involved in the matter was unaware that the wife had previously given the husband a quitclaim deed in exchange for $10,000.00 and that it mistakenly believed that the parties were tenants by the entireties. The title company, therefore, required the wife’s signature on the deed. Before she would sign, the wife required that her name be on the note and mortgage. The trial court clearly could *763 have determined that there was no real consideration given by the wife in exchange for her signature being placed on the papers. While the issue could have been raised in the dissolution proceeding, there was no apparent necessity for the husband to do so at the time because he was permitted to receive all of the payments from the note and mortgage without apparent objection by the wife. The husband was, therefore, at the time of the dissolution and throughout the time period in which corrective action in the domestic proceeding could have been brought, receiving the full benefits of the note and mortgage consistent with a belief that he was entitled to them. It must have been obvious to the wife at the time of the dissolution and during the appeal time, that the husband was acting on the belief that he was entitled to all of the payments.
We find that the trial court was correct in entertaining the husband’s request based upon the alleged mistake that occurred at the time of the property transaction. In affording relief, however, the court was not bound merely to reform the note and mortgage so as to eliminate the mistake. The relief sought was an equitable one. It was appropriate that “equity grant relief consistent with the rights of all parties concerned and suitable to the circumstances before the Court”. Hedges v. Lysek, 84 So.2d 28 (Fla.1955). The court could consider the facts that gave rise to the mistake in the execution of the note and mortgage as well as the equities involved in the manner in which the husband secured wife’s one-half interest for $10,000.00 and immediately thereafter sold the property for $75,000.00 as well as the other events which occurred. We find that the circumstances before t¿ie court as reflected in the record support the relief granted by the trial court.
In reaching our decision, we are not unmindful of the principle that a final judgment in a dissolution proceeding settles all property rights of the parties and thereafter bars any action brought to determine the question of property rights as set forth in Finston v. Finston, 37 So.2d 423 (Fla.1948). However, we do not believe that the principle is applicable to the case at bar where the circumstances are such that the trial court could conclude that a mistake occurred at the time of the property transaction and that the wife failed to contest the receipt of payments by the husband until the time for corrective action in the dissolution proceeding had run. Her acts were such that the trial court could reasonably conclude that she was estopped to prevent the husband from seeking a determination of his rights when she altered her course of conduct as to the mortgage and note.
The judgment is affirmed.
McNULTY, C. J., and HOBSON, J., concur.