ERVIN, Judge.
I dissent. This is an appeal by the former wife, Wanda S. Baggett, from a judgment in dissolution of marriage awarding *1064 $7,500.00 as lump sum alimony[1] to Mrs. Baggett which she complains is not adequate. The amount was payable in 50 monthly installments of $150.00 each. She seeks also an award of a farm in Gadsden County having 87V2 acres and a home on a 2V2 acre tract in Gadsden County where she now resides. The husband lives in a house in Tallahassee in which the parties abided during most of the marriage. The wife’s parents gave to both, while the marriage was in existence, the 2V2 acre tract. The parents also sold to both the 87V2 acre farm for $26,250.00. The parents accepted a note for the amount which was not secured and bore no interest. At the time of the dissolution, $20,000.00 remained outstanding on the obligation.
At the final hearing on February 20, 1976, the husband estimated the Tallahassee home’s value at $24,000.00. The home and lot were subject to a mortgage with a balance owing of $18,761.00. The mortgage secured a loan in the original sum of $20,-000.00 used to build the Gadsden County home. The husband estimated the value of the farm property at $500.00 per acre, or $43,750.00. He stated that he invested $30,-000.00 in materials and labor to build the house on the 2V2 acre tract and estimated its worth at $50,000.00. The husband also owes the wife’s father $2,500.00 for money loaned to make improvements on the Tallahassee home.
The wife was 47 years of age at the time of the dissolution and the husband was 49. When we compare the relative financial positions of the parties, we find that the equities of both in the real property are as follows: (1) As to the home in Gadsden County, paid for at the husband’s expense, $25,000.00 to each party. (2) As to the 87V2 acre tract of land, after deducting the principal amount owed on the mortgage, $11,-700.00 each. (3) As to the home in Tallahassee, subject to the $18,761.00 balance, $2,619.50 each. The wife is living in the home in Gadsden County on which there is no outstanding mortgage, although she is subject to V2 the remainder of the mortgage on the house in Tallahassee as well as V2 the balance on the Gadsden farm property.
The court obviously determined that the wife made a sufficient showing both of her needs and the husband’s ability to provide for those needs in order to justify an award of lump sum alimony, but nevertheless concluded that the award should not include any of the real estate owned jointly by the parties. I am of the opinion that the court may have been confused by what the term “special equity” means. It has a given meaning in one context and an altogether different meaning in another context.
The leading case concerning an award of lump sum alimony based upon special equities is unquestionably Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). The court stated the general rule as follows:
*1065 “We are constrained to the view that ordinarily the better practice is to direct periodic payments of permanent alimony and a lump award should be made only in those instances where some special equities might require it or make it advisable; for instance, where the wife may have brought to the marriage, or assisted her husband in accumulating, property and where it is clearly established that the husband has assets sufficient in amount to pay the gross award. State ex rel. Tong v. District Court, etc., 109 Mont. 418, 96 P.2d 918, 921; Martin v. Martin, 195 Ill.App. 32. There may be other situations which might justify or possibly require a lump sum award, but it should never be made unless the husband is in a financial position to make payment of such gross award without endangering or actually impairing his economic status.” 39 So.2d at 556.
The court concluded:
“Of course, where the husband’s financial condition is such as to enable him to respond to a gross allowance of alimony without jeopardy to his business, profession or employment it may be the better solution to grant such allowance when all other equitable considerations justify it and thereby avoid vexatious and possibly endless litigation.” Id. at 556-557.
Clearly there is no requirement in Yan-dell that the wife make only a showing of a contribution to the husband’s acquisition of property during the marriage as a condition precedent to an award of lump sum alimony. The primary thrust of the opinion was that the trial judge should not order such an award if there were any danger of impairment to the husband’s economic status-.
The court below might have considered there was no such contribution made by the wife which would justify an award of the realty to the wife notwithstanding the parties acquired their joint interests in the Gadsden County realty from the wife’s parents. The general rule of course is that no presumption will be indulged in favor of a resulting trust to the wife who has transferred her separate property to the husband as joint tenants. Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971).[2]
A wife’s contributions, however, either financially or through unusual services, are not the only factors to be considered by the court in determining an appropriate award of lump sum alimony. As recognized by this court in Baker v. Baker, 315 So.2d 217 (Fla. 1st DCA 1975), a party may be awarded all or part of an estate by the entireties to the extent that such party establishes (1) special equity, (2) lump sum alimony, or (3) by a prayer for partition as provided in Section 64.041, Florida Statutes (1973).
The courts have also used the term special equities to mean special circumstances, i.e., that lump sum alimony may be awarded where it serves a reasonable purpose such as rehabilitation, or where the financial position of the parties or such circumstances as the duration of the marriage make this type award advantageous to both parties.[3] See Goode v. Goode, 76 So.2d 794 (Fla. 1954); Lindley v. Lindley, 84 So.2d 17 (Fla. 1955); Olsen v. Olsen, 158 So.2d 775 (Fla. 3rd DCA 1963).
Recently in Cann v. Cann, 334 So.2d 325, 328 (Fla. 1st DCA 1976), we distinguished the term “special equities”, i.e., meaning *1066 special circumstances to justify such an award, from financial or unusual contributions during the marriage. Observe the following:
“The requirement that lump sum alimony be based upon special equities must not be confused with an award in a dissolution of marriage action to a spouse who has acquired a special equity in property accumulated during the marriage. Such an award is not alimony. (Eakin v. Eakin, Fla. 1958, 99 So.2d 854).” 334 So.2d at 328.
The correct test for an award of lump sum alimony based upon special circumstances was stated by the Fourth District Court of Appeal in Calligarich v. Calligarich, 256 So.2d 60, 61 (Fla. 4th DCA 1971):
“Lump sum alimony is justified only where it serves a reasonable purpose . . The wife’s need and the husband’s ability are still the correct equation to follow. See 10 Fla.Jur., Divorce, § 161; Schultz v. Schultz, Fla.App. 1967, 197 So.2d 310, and Arrington v. Arrington, Fla.App. 1963, 150 So.2d 473.” 256 So .2d at 61.
When we compare the respective positions of the parties, I am of the opinion that the lower court abused its discretion in refusing to award the home in which the wife resides in Gadsden County, in addition to the $7,500.00, as lump sum alimony. The disparity in the parties’ income cannot be ignored. The needs of the wife are apparent.[4] Her annual income is $7,500.00 per year, augmented by the $7,500.00 alimony in periodic payments that will expire in a little more than four years from the date of the dissolution. Her husband’s annual income is $28,000.00, subject to an annual deduction of $1,800.00 for alimony payments. She is obligated to pay her father for her one-half interest in the 874/2 acre tract. There is no showing in this record that because of the filial relationship she will be excused from her responsibility to pay her father the amount she is indebted on the note. She is also responsible for one-half the payments remaining on the mortgage on the Tallahassee home.
It is also important to observe that the judgment of dissolution did not award the wife exclusive possession of the Gadsden County home, even though she was living there at the time of the dissolution. The husband is free to seek partition of his one-half undivided interest at any time. See Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947) and Hoskin v. Hoskin, 329 So.2d 19 (Fla. 3rd DCA 1976). If he did so and partition were ordered, it is questionable whether the wife, due to her meager estate, could raise the funds sufficient to pay the husband’s interest in the property. It is inconceivable from this record that if an additional award were made to the wife of the home in Gadsden County, the husband’s economic status would be seriously impaired. His income would not be affected at all and he would still retain his one-half undivided interest in the farm as well as in the home in Tallahassee.
I fail to see any substantial distinction between the facts in this case and those in the recently decided opinion of this court in Goldman v. Goldman, 333 So.2d 120 (Fla. 1st DCA 1976), where this court directed the trial court to award to the wife lump sum alimony. The husband had a net worth of $93,000.00 and yearly income of $20,000.00 and the wife had a net worth of $47,200.00. The award was in addition to exclusive possession of the marital home which the parties owned by an estate by the entirety. The husband moreover was required to pay the monthly mortgage payments, taxes and insurance on the home.
The husband here has certainly obtained a windfall in receiving a one-half undivided interest in the Gadsden County property, which he unquestionably would not have obtained had it not been for the marital relationship. I would therefore reverse and remand this cause to the trial court with *1067 directions that it modify its final judgment of dissolution by awarding to the wife the Gadsden County home.

. The court’s final judgment entered on May 24, 1976, states in part:
“The financial affidavits filed before the Court, and the testimony revealed that the husband has an income slightly in excess of $28,000.00 per year. He is a career employee with the Florida Department of Transportation, and his average weekly wage, after taxes, is approximately $444.00. The wife, who was a homemaker for the husband until 7 years ago, has an average weekly wage, after taxes, of approximately $122.00. The only retirement program the wife has to look forward to is Social Security. The husband is an 26 year employee of the State of Florida, has substantial sums in the State Retirement System, and can retire in approximately 4 years (after 30 years of continuous service) on a substantial retirement income. In other words, during the years when the husband was becoming a valuable, high paid employee of the State of Florida, the wife was home attending to the needs of children and making a home for the husband. Under these circumstances the court is of the opinion that the equities require lump sum alimony.”
Notwithstanding its award of $7,500.00 as lump sum alimony, the court concluded, “[t]he wife has failed to establish that she has any special equity in any of the real estate owned by the parties as tenants by the entireties.” The court rejected the claim of the wife in the two pieces of real property in Gadsden County and held that as to all realty jointly owned during the marriage, no disposition would be made, and that the parties henceforth owned such property as tenants in common, each being liable for any obligations which might be owing, including real estate taxes.

. The effect of Steinhauer may have been blunted by the recent opinion of the Florida Supreme Court in Ball v. Ball, 335 So.2d 5 (Fla. 1976), in which it was held that a special equity is created in favor of a spouse upon an unre-butted showing that all the consideration of the property held as tenants by the entireties was supplied by that spouse from a source clearly unconnected with the marital relationship. In Ball, the wife was held to be entitled to a special interest in the property because the interest had originally been obtained from the estate of her late mother. Ball, however, has prospective application only to actions instituted after the date of its opinion and does not apply to this cause.

. Parenthetically I am of the belief, because of the resulting confusion by the manner of its use, it would be far better to either eliminate the use of the term altogether or to amplify its use by reference to specific factors, the presence or absence of which would constitute justification for the allowance or denial of the award.

. This case clearly does not involve the same situation as confronted the Supreme Court in Cummings v. Cummings, 330 So.2d 134 (Fla. 1976), where the court held it was error to award the marital home to the wife as lump sum alimony since both parties had substantially the same income, and in the absence of any showing of necessity on the wife’s part.