DANAHY, Judge.
The trial judge in this case awarded to the wife as “permanent alimony” the husband’s one-half interest in a liquor license. We find error in that rather unusual award, and reverse.
The marriage dissolved in these proceedings was of six years duration. The wife is 63 years of age and the husband is 74. Both are in poor health and unable to work. Their financial resources are limited.
The wife receives $104.60 per month in social security benefits and owns the home in which she lives. She also owns a savings account with a balance of approximately $4,000, an automobile, and some diamond jewelry.
The husband receives $259.60 per month from social security. He and his sister own a commercial property on Buffalo Avenue in Tampa which they inherited from their parents. They operate the Phoenix Bar and Lounge on this property, rent part of it to Clara’s Beauty Parlor, and allow a former wife of the husband to occupy a party of the property as her living quarters. The husband and his sister together own the liquor license under which the bar and lounge business is conducted.
The husband resides with his sister next door to the Phoenix Bar and Lounge. He testified that this business currently produces a net profit of approximately $60 per week and that he gives his share to his sister, in return for which she provides him with free room and board. His only expenses are for doctors’ care and medicine, but he is required to pay $50 per week in alimony to his former wife. The husband and his sister receive a modest amount of monthly rental from Clara’s Beauty Parlor, but these funds are used to pay the annual real estate taxes on their property.
The husband clearly is dependent upon his sister to meet his personal needs and, in turn, his arrangement with her is dependent upon the economic base afforded by their jointly owned and inherited property. The alimony award in this case, therefore, would deprive the husband of an asset of the business which forms part of his only resource for living. On the other hand, that asset would be of questionable value to the wife other than as an economic weapon against the husband. We hold that such an award is an abuse of discretion.
At the threshold, we question whether a liquor license is an appropriate subject of a lump sum alimony award. By statute a liquor license is not transferable except to a bona fide purchaser of the business which the licensee is licensed to conduct. Section 561.32(1), Florida Statutes (1977). It seems to us that a transfer attempted outside the statute would stand on doubtful footing. But see Wright v. Cade, 349 So.2d 833 (Fla. 1st DCA 1977). For present purposes, however, we need not address this question. We find the award deficient in other respects.
*821 The ultimate goal of an award of alimony is to do equity and justice between the parties. Section 61.08, Florida Statutes (1977).[1] The yardstick to be used in measuring the propriety of a lump sum alimony award was set forth by our supreme court in Yandell v. Yandell, 39 So.2d 554 (Fla.1949). The alimony statute then in effect declared that an alimony award must be “fit, equitable and just.” The supreme court stated in Yandell that a lump sum award of alimony should never be made unless the provider (the husband in that case) is in a financial position to make payment of the award without endangering or actually impairing his or her economic status. The court held that a lump sum award is not fit, equitable and just unless the provider is in a position to make payment of the award over and above the requirements attendant upon the maintenance of his or her business or employment, or the preservation of his or her professional activities.
Furthermore, the court made it clear in Yandell that even where a provider is in a financial position to make payment of a lump sum alimony award, such an award should not be made unless there are special circumstances which require it or make it advisable. Florida courts have found such circumstances to exist only when there is a reasonable purpose to be served by a lump sum alimony award, so that such an award is advantageous to both parties. E. g., Calligarich v. Calligarich, 256 So.2d 60 (Fla. 4th DCA 1971) (rehabilitation); Bunn v. Bunn, 311 So.2d 387 (Fla. 4th DCA 1975) (security); Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1977) (economic separation).
In this case the wife clearly is in economic need, but we see no purpose to be served in attempting to meet that need by awarding her one of the husband’s business assets as lump sum alimony in lieu of periodic alimony. We find no special circumstances such as those envisioned by our supreme court in the Yandell case.
Beyond that, we believe that the award in this case violates the admonition in Yan-dell that a lump sum award must not endanger or impair a husband’s economic status. The award in this case clearly would do just that, for it would imperil the husband’s only economic base. That result is simply not consonant with the goal of achieving equity and justice between the parties. Cf. McGaughy v. MeGaughy, 410 Ill. 596, 102 N.E.2d 806 (1951) (where the husband’s only business is a farm conducted on 400 acres of land inherited from his parents and the entire acreage should be farmed as one unit, an award of one-half of the acreage to his wife as lump sum alimony would destroy the husband’s means of livelihood and does not represent a fair and equitable determination of the rights of the parties).
We reverse that part of the final judgment which awards the wife as permanent alimony the husband’s one-half interest in the liquor license pertaining to the Phoenix Bar and Lounge, and remand with directions that the trial judge conduct a rehearing on the matter of alimony in this case, receiving such additional evidence as the parties may offer, and make such an award of periodic alimony, if any, as he shall in his discretion determine to be appropriate.
Reversed and remanded.
SCHEB, A. C. J., and OTT, J., concur.

. The award of alimony in this case was made prior to the effective date of § 61.08, Fla. Stat. (Supp. 1978). That statute, however, also provides that the goal of an alimony award is to do equity and justice between the parties.