## CITY OF WEST PALM BEACH v. EAST COAST GUARANTY CO.
### No. 65-L-878.
Circuit Court, Palm Beach County, Civil Appeal.

October 24, 1966.

Paul P. Meltzer, Miami, for appellant.

East Coast Guaranty Co., in pro. per., appellee.

JAMES R. KNOTT, Circuit Judge.

This appeal, orally argued before the court October 17, 1966, is from a final judgment of the small claims court in Palm Beach County awarding damages to appellee on its claim arising from alleged negligence of the appellant causing damage to a motor vehicle.

Appellant's contentions and assignments of error are concerned with the sufficiency and propriety of the evidence submitted by the parties at the trial of the cause. However, appellant failed to bring up any of the evidence taken at the trial.

In this state of the record it is settled law that this court having no access to the evidence taken at the trial cannot rule on its sufficiency or insufficiency, its propriety or impropriety. See Bolick v. Sperry, Fla., 88 So.2d 495, and cases therein cited.

It is the duty of the appellant to show, *from the record* in the lower court, that the judgment appealed from was erroneously entered by the lower court. In Brown v. Householder, Fla., 134 So.2d 801, the court said —

"On exclusion of evidence from the record-on-appeal in various fact situations, the general rule is that the appellate court will not inquire into the sufficiency or insufficiency of the evidence to support a verdict or judgment when evidence is missing from the record-on-appeal . . . ( Citations omitted.)

"A judgment being appealed is normally accorded a presumption of correctness. This presumption is most often applied in cases in which part or all of the evidence adduced at the trial is excluded from the record."

Appellant having failed to afford opportunity for this court to review the evidence constituting the basis for its assignments of error, it is ordered and adjudged that the judgment is affirmed.